## Lantz *versus* Boyer, Administrator, &c., of Boyer.

1. Boyer devised a house and lot to his wife for life, and directed, if she "should so desire and my executors deem it for the best interest of my wife and children that the property should be sold, they may sell the same," make proper deeds to the purchasers, invest the proceeds and pay the interest to his wife for life. After other devises, &c., he gave the residue of his estate "to be distributed between my wife and children, according to the laws of this Commonwealth." The executors were discharged, after which on the request of the wife, the administrator *c. t. a.* sold the property. *Held*, that he could make a good title.

2. Whenever power is given by will to executors to sell real estate with a view to distribute the proceeds among legatees, the power belongs to them *virtute officii*, and under the Act of February 24th 1834, sect. 67, it may be exercised by an administrator *c. t. a.*

3. This is so whether there be an absolute direction so as to work a conversion or the power be discretionary; and whether the distribution is to be immediate or upon the expiration of a certain time, or upon the uncertain contingency of a life or lives.

4. The wife's share after her death would be part of the residue, and the distribution was to be made by the executors *virtute officii;* this duty devolved on the administrator *c. t. a.*, who was entitled to invest and hold the fund until the time of distribution.

5. Evans *v.* Chew, 21 P. F. Smith 47, recognised.

March 8th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Berks county :* Of January Term 1876, No. 228.

This was an amicable action and case stated, filed February 28th 1875. Jerome L. Boyer, administrator *c. t. a.* of B. Frank Boyer, deceased, was plaintiff, and C. R. Lantz defendant.

The facts agreed on by the case were as follows :—

B. Frank Boyer, the deceased, died on the 28th of September 1873, seised of a messuage, a lot of ground on Penn street, in the city of Reading, being 35 feet front and 270 feet deep. He left a will, dated June 6th 1872. Amongst other provisions were the following :—

"Item. I give and devise unto my said wife my real estate in Penn street, between Tenth and Eleventh streets, in which I now reside, containing in front on Penn street 35 feet, and in depth 270 feet, together with all the improvements now erected thereon, or which I may hereafter erect thereon. She to have and to hold the same for and during the term of her natural life. This real estate to be cleared of all encumbrances.

"In case my said wife should so desire, and my executors should deem it to be to the best interest of my wife and children that my Penn street property should be sold, they may sell the same; and for this purpose I do authorize and empower them to sign, seal, execute and deliver unto the purchaser or purchasers, all such deed or deeds as may be necessary to assure unto them a fee simple

title thereto, and the proceeds of such sale shall be by them invested in good real estate security, the interest whereof shall be paid to my said wife during life; but in case she should desire it, my said executors shall purchase for my said wife a house wherever she shall select the same, the price of which however shall not exceed the sum of $10,000, of which she shall then have the use, &c., during life; such house to be purchased only in case the Penn street property is sold, and then only if my wife desires them to do so. * * *

" Item. As to all the rest and residue of my estate, real, personal or mixed, it is my will that the same be distributed between my wife and children according to the intestate laws of this Commonwealth.

" And I do hereby nominate and appoint my two friends, George F. Baer and Michael Haak, executors of this my last will and testament."

George F. Baer and Michael Haak, the executors named in the will, accepted the trust, and on the 25th day of January, A. D. 1876, were, upon their own petition to the Orphans' Court of Berks county, having first filed their accounts, which were duly confirmed, discharged from said trust. On the same day letters of administration *cum testamento annexo de bonis non* were granted to Jerome L. Boyer.

On the 27th day of January, A. D. 1876, Lizzie Boyer, the widow, made the following request :—

" Whereas my husband, B. Frank Boyer, Esq., late of the city of Reading, died seised in his demesne as of fee of a certain house and lot of ground, No. 1033 Penn street, in the city of Reading aforesaid, and left a will and testament, in and by which he provided, *inter alia*, as follows, viz. : (stating the clause as to the sale of this property on her desire.)

" Now, therefore, I, Lizzie Boyer, widow of the said B. Frank Boyer, deceased, do hereby express my desire that the aforesaid property be sold, and do request Jerome L. Boyer, to whom, upon the discharge of George F. Baer, Esq., and Michael Haak, the executors named in said will, letters of administration *cum testamento annexo de bonis non* were granted, to sell the aforesaid property under and by virtue of the provisions of the will aforesaid."

In consequence of the foregoing request the said Jerome L. Boyer advertised said house and lot of ground for sale (as No. 1) on the 19th of February, A. D. 1876, and on said last-mentioned day sold the same to C. R. Lantz, the defendant, for $16,000.

One of the conditions was :—

" The purchaser shall immediately after the sale, execute an agreement for the payment of the purchase-money in the following manner, viz. : On property No. 1, $500 forthwith, $5000 on April

[Lantz v. Boyer.]

1st 1876, $5000 on October 1st 1876, and the balance on the 1st day of January 1877."     *     *     *     *

Appended to the conditions of sale was the following agreement :—

"It is hereby declared and agreed, by and between Jerome L. Boyer, administrator, and the vendor of the estate mentioned in the above conditions, and C. R. Lantz, the purchaser, that the said C. R. Lantz has become the purchaser of property No. 1 of the premises so sold, at the sum of $16,000. And that the said conditions of sale shall be taken as the terms of agreement for the said sale and purchase respectively, and be observed and fulfilled by the said Jerome L. Boyer and C. R. Lantz respectively, in all things. As witness our hands this 19th day of February, A. D. 1876."

C. R. Lantz refused to pay the $500, which, according to the terms of the agreement, were due and payable forthwith, upon the ground that the said Jerome L. Boyer, administrator as aforesaid, had not the power to vest in him, Lantz, the title to the premises.

By the case it was agreed :—

" If the court shall be of opinion that the plaintiff is competent to vest in defendant the title of B. Frank Boyer, deceased, to the said premises, by deed executed by him in pursuance of the powers in the said will contained, and of said request of Lizzie Boyer, the widow of said B. Frank Boyer, deceased, and for the purposes in said will mentioned, then judgment to be entered for the plaintiff for the sum of $500, but without costs of suit; but if not, then judgment to be entered for defendant, either party reserving the right to sue out a writ of error thereon."

The court (Sassaman, J.) entered judgment for the plaintiff for $500, according to the case stated.

The defendant took a writ of error and assigned so entering judgment, for error.

C. G. Derr, for plaintiff in error, cited Evans v. Chew, 21 P. F. Smith 51; Waters v. Margerum, 10 Id. 44; Ross v. Barclay, 6 Harris 184.

W. M. Derr, for defendants in error, cited Waters v. Margerum ; Evans v. Chew, supra ; Chew v. Chew, 4 Casey 17 ; Reed v. Reed, 9 Watts 263; Keefer v. Schwartz, 11 Wright 509 ; Commonwealth v. Barnitz, 9 Watts 256.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 8th 1876.

It may now be considered as definitively settled, that whenever a power is given by will to executors to sell real estate with a view to the distribution of the proceeds among legatees, such power

[Lantz *v.* Boyer.]

belongs to them *virtute officii*, and may be exercised by administrators *de bonis non* with the will annexed, under the 67th section of the Act of February 24th 1834, Pamph. L. 86, which provides that " all and singular the provisions of this act relative to the powers, duties and liabilities of executors are hereby extended to administrators with a will annexed :" Evans *v.* Chew, 21 P. F. Smith 47. It was held in that case, that it mattered not whether there was an absolute direction so as to work an immediate conversion, or the power was discretionary. It seems equally clear that it makes no difference whether the distribution is to be immediate or upon the expiration of a certain period of time, or upon the uncertain contingency of a life or lives. In the case before us, a life estate was given to the widow, and absolute direction to the executors to sell, if she should desire it, and the proceeds of the sale to be invested in good real estate security, the interest to be paid to the widow for her life, and a part of the principal, if she should desire, to be invested in a house for her use for life. Eventually, however, the testator provides, " as to all the rest and residue of my estate, real, personal or mixed, it is my will that the same be distributed between my wife and children according to the intestate laws of this Commonwealth." Now the wife's share, when her life estate should expire, would certainly be a part of this residue. He makes a common fund of his estate, " real, personal or mixed ;" and by whom is the distribution to be made ? By his executors, certainly, and that *virtute officii.* This duty of distribution then devolved of necessity upon the administrator *de. bonis non cum testamento annexo.* If so, he must be entitled to receive and invest the fund, and hold it so invested until the period of final distribution shall arrive. We are of opinion then that the plaintiff below, Jerome L. Boyer, the administrator with the will annexed of B. Frank Boyer, deceased, is competent to vest in the defendant, C. R. Lantz, the title of B. Frank Boyer, deceased, to the premises, by deed executed by him in pursuance of the powers in the said will contained, and of said request of Lizzie Boyer, the widow of said B. Frank Boyer, deceased, and for the purposes in the said will mentioned.

Judgment affirmed.