# Eberly, Appellant, *v.* Koller.

*Will—Conversion—Power of sale.*

Testator by his will directed as follows: "I hereby authorize and empower my executors to sell all, or any part of my estate real or personal, not herein specifically bequeathed or devised either at public or private sale, and to execute and deliver good and sufficient deeds for all real estate sold, for the purpose of executing this will." *Held*, that in the absence of any necessity to sell the real estate the executors could not make title.

Argued April 26, 1904. Appeal, No. 71, Jan. T., 1904, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1904, No. 85, on case stated in suit of Ira S. Eberly, Surviving Executor of L. F. Eberly, Deceased, *v.* J. H. Koller. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Case stated to determine power of executor to make title to real estate.

From the case stated it appeared that the real estate in question formerly belonged to L. F. Eberly who died on April 12, 1895, testate, leaving to survive him four sons. Testator in his will directed, inter alia, as follows:

" I hereby authorize and empower my executors to sell all, or any of my estate, real or personal, not herein specifically bequeathed or devised, either at public or private sale, and to execute and deliver good and sufficient deeds for all real estate sold, for the purpose of executing this will."

The case stated set forth that the plaintiff as surviving exec-

utor " in order to discharge the duties of the trust devolving upon him " advertised and sold the property to defendant, but that defendant had refused to accept the deed, alleging that the plaintiff had no power to make title.

E. W. BIDDLE, P. J., filed the following opinion:

In an amicable action and case stated between the present plaintiff and Weir B. Eberly, entered to No. 205, May term, 1903, the questions here raised were determined adversely to the plaintiff. It is true that it was expressly stipulated in that action that the proposed sale was " for the purpose of distribution only, and not for the payment of debts ; " but such likewise is the evident object here, and we find no allegation to the contrary.

The said object can be properly accomplished in a proceeding in partition, wherein differences in interest and claims for advancements may be readily adjusted. See Reid v. Clendenning, 193 Pa. 406. The will in this instance does not work a conversion.

And now, March 3, 1904, in accordance with the foregoing and with our opinion filed on April 20, 1903, in Eberly, Surviving Executor, v. Eberly, No. 205, May term, 1903, it is ordered that judgment be entered in favor of the defendant.

*Error assigned* was the judgment of the court.

*H. H. Mercer*, for appellant.

*W. F. Sadler,* for appellee.

PER CURIAM, May 23, 1904:

This judgment is affirmed on the opinion of the court below.