Kemerer, Admrx., *v.* Johnstone, Appellant.

Argued May 14, 1935.   Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Herbert J. Hartzog,* for appellant.

*John D. Hoffman,* for appellee, was not heard.

PER CURIAM, May 27, 1935:

Plaintiff, in her official capacity, entered into a written agreement to sell to defendant, for a specified sum, a farm property of which her testator had died seized. A question having arisen as to whether or not she could, as such administratrix, convey a good and marketable title to the farm, the parties drew up, executed and filed in the court below, a case stated, agreeing that if the court, on the facts set forth therein, should be of opinion she could convey such a title it should enter a judgment in her favor as administratrix and against defendant, for the purchase price agreed upon, upon her delivering to him a deed conveying the land to him, his heirs and assigns, which deed should contain her warrant or covenant that she had not done anything whereby the title to said land became in any manner impeached, charged or encumbered; but if of opinion she could not convey such a title, then judgment should be entered for defendant.

The case stated further set forth that all of testator's debts had been paid, but that a judgment had been recovered against one of his daughters, who was given the income for life of a third part of his estate, the principal of this share being given to her children absolutely on her decease.

After argument, the court below, in an opinion by its learned president judge, held that plaintiff could convey a good and marketable title, and entered judgment in her favor. Defendant appeals under the reserved power so to do contained in the case stated. The judgment must be affirmed.

It is not necessary for us to consider at length the opinion of the court below. Practically all our relevant cases are cited and reviewed, and the conclusion drawn therefrom is, as stated in Lantz v. Boyer, Admr., 81 Pa. 325, as

follows: "Whenever power is given by will to executors to sell real estate with a view to distribute the proceeds among legatees, the power belongs to them virtute officii, and under the Act of February 24, 1834, section 67 [P. L. 70, 86], it may be exercised by an administrator c. t. a. This is so whether there be an absolute direction so as to work a conversion, or the power be discretionary; and whether the distribution is to be immediate, or upon the expiration of a certain time, or upon the uncertain contingency of a life or lives." The power given by the Act of February 24, 1834, supra, is reënacted by section 3 (d) of the Fiduciaries Act of June 7, 1917, P. L. 447, 459, as follows: "(d) All and singular the powers, duties and liabilities of executors are hereby extended to administrators with a will annexed."

Under testator's will it is provided that "Should I be possessed of any real estate at the time of my death [as he was of the farm now sold], I authorize and empower my executor hereinafter named to sell all or any part of the same and to give good and sufficient deed or deeds to the purchasers thereof, and to reinvest the proceeds thereof in approved securities for the use and benefit of the beneficiaries above named." These powers and duties, by the express language of the statutory provision quoted, were "extended to [plaintiff as] administrator with a will annexed," and there being "no trust created by the will, the administrator d. b. n. c. t. a. cannot be regarded as a substituted trustee, and it is immaterial whether the distribution of the proceeds of the sale is to be immediate or on the expiration of a certain period of time": Nagle v. Fleming, 303 Pa. 263.

The interest of the distributees under the will being subject to the power of sale given by testator for the benefit of all of them, the judgment against one of them is necessarily divested on the sale of the land in its entirety, as resulted from the execution of the power.

The judgment of the court below is affirmed.