## Shaffer Estate.

Argued October 4, 1948. Before MAXEY, C. J., DREW, LINN, PATTERSON, STEARNE and JONES, JJ.

*Philip E. Hamilton,* for appellants.

*A. G. Helbling,* for appellees.

OPINION BY MR. JUSTICE JONES, November 8, 1948:

This appeal involves the will of George Shaffer, deceased, which was here before on an appeal from an order of the Court of Common Pleas of Allegheny County refusing partition of the testator's real estate sought by three of his five named residuary devisees. See *Shaffer v. Shaffer,* 354 Pa. 517, 47 A. 2d 702. We there reversed, holding that the testamentary power of sale was discretionary and not mandatory; that, consequently, the will did not work a conversion of the decedent's realty; and that partition properly lay.

The appellants are the same persons as before, but they now appeal from a decree of the Orphans' Court of Allegheny County dismissing their exceptions to the executors' second and final account in respect of the proceeds from sales of realty and the rents therein accounted for and denying the exceptants a bill of review of the executors' first and partial account.

Prior to the argument of the first appeal, the executors had sold three of the five separate parcels of realty

whereof the testator had died seized. One of such sales (6601 Rowan Street, Pittsburgh), was made in fulfillment of an exercised option to purchase contained in a written lease from the decedent in his lifetime to a lessee of the premises. The other two sales (viz., 810 Arch Street, Pittsburgh, and a Youngstown, Ohio, property) were made by the executors in reliance upon their testamentary authority to sell all or any part of the decedent's realty.[1] All of these sales, including the Youngstown property, which manifestly had been erroneously included in the partition proceeding (see *Shaffer v. Shaffer*, cit. supra), were effected *prior* to our decision on the former appeal and all are accounted for in the executors' second and final account to which the appellants have excepted in respect of the sales of 810 Arch Street, Pittsburgh, and the Youngstown property and the executors' management, control and administration of the testator's realty in general.

Relying upon our former decision that the will did not effect an equitable conversion of the testator's real estate, the appellants contend that the executors were, therefore, without power to sell any of the decedent's real estate and they further assert that the authority to collect and account for rents, issues and profits of the realty was limited to the power of sale and, consequently, fell with it. Accordingly, the appellants argue that the proceeds of the now disputed sales and the rents, issues and profits included in the executors' accounts should be extracted therefrom and distributed directly to the residuary devisees without diminution for commissions claimed by the accountants or fees to their counsel in respect of the executors' management,

---

[1] Paragraph "Third" of the will provides:

"I direct that my executors hereinafter named shall, at their discretion, sell and convey all or any part of my real estate or personal property to such person or persons for such price or prices and upon such terms as to them may seem best."

control and sale of the real estate. They also urge, in such connection, that the court below further erred in dismissing their petition for a bill of review of the executors' first and partial account wherein rents were accounted for without complaint from anyone.

The fallacy of the appellants' contention lies primarily in their mistaken assumption that our ruling on the former appeal vitiated the executors' sales and management of the realty. No such result was either intended or effected. And, in passing, it should not be overlooked that the questions now raised by the appellants concern distribution and not title.

It is true that the implication of the decision in *Eberly v. Koller*, 209 Pa. 298, 299, 58 A. 558, is that an executor may not convey real estate under a testamentary discretionary power where the will does not also work a conversion. It is to be noted, however, that this Court's opinion in that case was but a one line per curiam affirmance of the lower court's arbitrary choice of a supposedly more expeditious means (i. e., partition) of carrying out the provisions of the particular will. In the *Eberly* case, the lower court was concerned with the efficacy of partition in the circumstances and *not* with any power of sale as its one citation (*Reid v. Clendenning*, 193 Pa. 406, 44 A. 500) plainly indicates. Other and more recent decisions confirm the correct rule to be that, even though a will does not effect an equitable conversion, a discretionary power of sale thereunder is sufficient to authorize the executor to convey the decedent's real estate: see *Kemerer v. Johnstone*, 318 Pa. 526, 179 A. 67, quoting with approval from *Lantz v. Boyer*, 81 Pa. 325, 327-328; *Davidson v. Bright*, 267 Pa. 580, 110 A. 301; *Cooper's Estate*, 206 Pa. 628, 56 A. 67; and *Livingood v. Heffner*, 9 Sadler (Pa.) 526, 530-531, where this Court held that, although there is no equitable conversion, a discretionary power of sale empowers the executor to sell and convey the

testator's realty; see also Sec. 30 of the Fiduciaries Act of June 7, 1917, P. L. 447 (20 PS §716).[2]

It so happens that the exercise of such a power has, at times, been justified on the ground that the sale of realty was essential to making distribution or paying debts of the decedent. But, then too, there is a conclusive presumption that a general power of sale is for the payment of debts: see opinion of Mr. Justice SHARS-WOOD at Nisi Prius in *Evans v. Chew*, 71 Pa. 47, 51, affirmed per curiam by this Court. So that, in any case, the exercise of a discretionary power of sale can be supported on the basis of the purpose constructively furnished by the presumption. And, in no event, is there any compelling need for the factual presence of a distributional or debt-paying purpose as a prerequisite to an executor's exercise of a discretionary power of sale: see, e.g., *Kemerer v. Johnstone*, supra, where all debts of the testator had been paid and distribution was postponed by the will until the death of the life tenant; see also *Cooper's Estate*, supra, where the executor's right to sell realty under a discretionary power was confirmed without reference to any distribution or payment of debts. Indeed, in that case, the sale was not made until the statutory period for the entry of suits to preserve the lien of debts not of record had expired. As a legal incident, creditors who had not preserved their liens were denied the right to participate in the distribution of the fund derived from the executor's sales of realty. Where the power of sale is discretionary, conversion occurs when the property is sold and not at the death of the testator: see also *Davidson v. Bright* and *Cooper's Estate*, supra. And, as was said in *Taylor v. Haskell*, 178 Pa. 106, 111, 35 A. 732, ". . . until the exercise of the power . . . the estate remained land." But, the

---

[2] For a well-considered and discriminating review of the pertinent cases, see "An Executor's Authority to Sell Real Estate under a Discretionary Power of Sale in Pennsylvania" by George B. Balmer, Esq., of the Berks County Bar, 47 Dickinson Law Review, p. 193 (1943).

interests of the devisees therein may be subjected nonetheless to an exercise of the power by the executor in furtherance of the proper administration of the estate: cf. *Kemerer v. Johnstone,* supra, at p. 528.

In our opinion the executors did not exceed the bounds of their authority when they sold the real estate now accounted for; and, as the learned auditing judge found and the court en banc confirmed, the executors performed valuable services in connection with the conversion of the realty for which they and their counsel are entitled to just compensation. We agree, moreover, that the compensation allowed by the court below for such services is both fair and reasonable.

With respect to the collection of the rents from the real estate and the payment of charges against it, the executors acted under express power and authority contained in paragraph "Fourth" of the will.[3] Such power was in no way limited or restricted by reason of the fact that the power of sale contained in the "Third" paragraph of the will was discretionary. Indeed, the two powers were without bearing upon one another, as our opinion in *Shaffer v. Shaffer,* supra, expressly recognized. Here, also, the accountants performed valuable services for which they are entitled to just compensation; and the learned court below committed no error in arriving at the worth which it placed upon those services.

It follows from what we have said that the rents embraced by the executors' first and partial account were properly accounted for therein. The action of the court below in refusing the appellants' petition for a bill of review was, therefore, proper.

The decree is affirmed at the costs of the respective appellant in each of the appeals.

---

[3] "Fourth. My executors, hereinafter named, shall have power and authority prior to the sale of any or all of my real estate, to take full charge and manage the same, with power to rent the same, collect rents, make repairs, keep the buildings thereon insured and to pay all taxes and other expenses of maintaining said property."