## McClure Estate

*H. S. Carmack* and *Dale C. Jennings*, for accountant.

*Fred C. Houston, Fred C. Houston, Jr.*, and *J. Wood Williamson*, for exceptants.

BOYLE, P. J., April 22, 1952. — Four of the nine residuary legatees under the will of James Donley McClure, deceased, have filed exceptions to the first and partial account of the executor.

The exceptions which present questions for decision are the following:

"4. Exception is taken to all the items appearing under the heading 'Schedule C Principal-Realty (Receipts)' on page 10 of the account for the reason that the accountant had neither the power nor the authority under the provisions of the decedent's will to sell any real estate, the decedent having died prior to January 1, 1950.

"6. Exception is taken to the item appearing on page 10 of the account under the heading 'Schedule C Principal-Realty (Disbursements)' which reads as follows: 'H. S. Carmack, Accountant's Commission $1050.00' for the reason that accountant had no power or authority under the provisions of decedent's will to sell decedent's real estate and to collect compensation thereon.

"3a. Exception is taken to the following item appearing on page 9 of the account: 'H. S. Carmack, Accountant's Commission $453.93' "; also the unnumbered exceptions filed February 14, 1951, as follows: "Exception is taken to the commissions of the accountant on the unconverted or unrealized royalties on the coal leases devised under the eleventh paragraph of the will of the decedent.

"Exception is taken to the commissions of the accountant on the entire estate for the reason that the same are unreasonable and excessive."

### Exceptions 4 and 6

The power of sale given to the executor is set forth in the will as follows:

"Fifteenth. I hereby name, constitute, and appoint H. S. Carmack, Attorney, Executor of this my last will and Testament and direct that my said Executor shall have full and complete powers as may be needed to sell and dispose of any or all of my real or personal

Estate comprising my residuary Estate hereinabove mentioned with full powers to sell and dispose of any real estate comprising any portion of my said residuary Estate, without leave of Court, and to make, execute, acknowledge, and deliver good and sufficient deeds therefor."

Counsel for exceptants contend there was no necessity for selling the real estate, that the executor lacked authority to sell and, hence, is not entitled to compensation for having accomplished the sales which brought approximately $21,000 into the estate. Exceptants rely upon the decision in Eberly v. Koller, 209 Pa. 298. The Eberly case was distinguished and limited in Shaffer Estate, 360 Pa. 390, 393, where the Supreme Court, in the opinion by Mr. Justice Jones, held:

". . . In the *Eberly* case, the lower court was concerned with the efficacy of partition in the circumstances and not with any power of sale as its one citation (Reid v. Clendenning, 193 Pa. 406, 44 A. 500) plainly indicates. Other and more recent decisions confirm the correct rule to be that, even though a will does not effect an equitable conversion, a discretionary power of sale thereunder is sufficient to authorize the executor to convey the decedent's real estate: see Kemerer, Admrx., v. Johnstone, 318 Pa. 526, 179 A. 67, quoting with approval from Lantz v. Boyer, 81 Pa. 325, 327-328; Davidson v. Bright, 267 Pa. 580, 110 A. 301; Cooper's Estate, 206 Pa. 628, 56 A. 67; and Livingood v. Heffner, 9 Sadler (Pa.) 526, 530-531, where this Court held that, although there is no equitable conversion, a discretionary power of sale empowers the executor to sell and convey the testator's realty; . . ."

In section 28(*a*) of the Fiduciaries Act of June 7, 1917, P. L. 447, power of sale in an executor is defined as follows:

"Section 28(a). The executors of the last will of any decedent, to whom is given thereby a naked authority only to sell any real estate, shall take and hold the same interests therein, and have the same power and authorities over, such estate, for all purposes of sale and conveyance, and also of remedy by entry, by action, or otherwise, as if the same had been thereby devised to them to be sold, saving always to every testator the right to direct otherwise."

From the assets of the estate it is readily seen that decedent knew his estate was solvent. He knew there would be no legal necessity to sell real estate. There were eight nephews and a niece among whom the residuary estate was to be divided. Decedent realized the difficulties which might attend getting the beneficiaries to agree upon sales or a division of the properties in kind.

The auditing judge holds that the executor in the case at bar was given by the will a valid discretionary power of sale which he had the power to exercise even in the absence of a legal necessity. Exception 4 will be dismissed.

The executor of this estate is a lawyer. He is attorney for the estate. In the real estate transactions no broker's commissions were paid. In the two larger transactions the executor procured the buyers for the properties. The executor claims a five percent commission or $1,050 on proceeds of real estate sales amounting to $21,000. The beneficiaries knew of the executor's intention to sell. The following appears in the testimony of the executor:

"Q. In selling the real estate, Mr. Carmack, did you advise all the beneficiaries under the will of James Donley McClure of your intention to sell the real estate?

"A. Yes, I did; and I tried to get bids from them. I asked—They were all in a group there one day, and

I asked them if any one wanted to bid on this real estate for sale.

"Q. Were they all there, sir?

"A. I can't say for sure whether they were all there or not. The good majority were there."

Exceptants do not complain that the sales were for inadequate prices. They made no objection at the time the sales were made. All the remaindermen have accepted and benefited by advance distributions, partly from the proceeds of sales of real estate.

The executor performed all the work necessary to accomplish the sales of decedent's real property at prices favorable to the estate. He is entitled to the compensation which he has claimed in the sum of $1,050. Exception 6 will be dismissed.

### Exception 3(a) and First Unnumbered Exception Filed February 14, 1951

Decedent owned a one-fourth interest in certain coal leases. He was a successor in title to the original owner who made the leases under which royalties are payable. He devised this interest in his will as follows:

"Eleventh: I give and devise my one (¼) fourth undivided interest in coal lands and coal leases situate near Greensboro, in Monongahela Township, Greene County, Pennsylvania in equal shares, share and share alike to my Nephews, William L. Vale, John W. Vale, Fred K. McClure, Floyd I. McClure, Elmer Lot Mc-Clure, Raymond McClure, Charles W. McClure, Harold McClure, and my Niece Nell McClure Cox to have and to hold, and collect royalties on said coal from said leased coal. In the event of the death of one of the above said Nephews or Niece without leaving issue them surviving, It is my will that their share of the said coal, and coal leases, and Royalty shall go to the surviving Nephews and Niece named in the clause, the issue of any Nephew or Niece deceased

taking by representation, except the issue of Raymond McClure."

The executor included decedent's interest in the coal leases as personal property in the inventory and appraisement of the estate. A letter, in evidence as exhibit 9, shows that the inventory value of the coal leases was determined by including therein the accrued royalties and royalties to be paid in the future. For his work in connection with the commuted value ($39,325.30) of the leases to the date of decedent's death, the executor charged compensation in the sum of $1,000. The executor has also collected royalties in the sum of $6,663.83 under these leases since the death of decedent on which he has charged a five percent commission as his compensation for services rendered in the handling of the same. Both of these items are challenged in the exceptions.

Decedent's interest in the coal leases was personal property: Smith v. Glen Alden Coal Company et al., 347 Pa. 290, 298-99.

The executor has performed much work in connection with the adjustment of tax liabilities between the heirs of the Eli Titus estate from which the coal leases are derived. He has been obliged to make several trips to Greene County. He has collected royalties of $6,663.83 since the death of decedent. His services in the administration of the coal leases warrant compensation in the sum of $1,000. The first unnumbered exception filed February 14, 1951, will be dismissed.

The accountant has collected and distributed coal royalties in the sum of $6,663.83. These have been paid by the lessee under the aforesaid coal leases. These royalties are included within the commuted value of the coal leases in the sum of $39,325.30. To allow the commission of five percent on the collection of the royalties in addition to the compensation of

$1,000 approved hereinabove would involve a double compensation. Exception 3(a) will be sustained and the accountant will be surcharged in the sum of $339.19.

*Second Unnumbered Exception Filed*
*February 14, 1951*

This exception challenges the reasonableness of the total commissions of the executor on the ground that they are ". . . unreasonable and excessive."

The accountant was both attorney and executor for the estate. The personal estate administered by the accountant is $220,913.47 against which the executor has charged compensation in the sum of $8,150.

For his services as attorney for the estate the accountant has paid himself the sum of $2,500. The total of executor's and attorney's compensation charged against the estate is $10,650.

The estate is large and in some of its aspects presented problems and difficulties not encountered in the ordinary administration. The accountant was obliged to spend a considerable amount of time going through the voluminous papers and records of decedent to ascertain the assets of the estate and their status. The assets of the estate were in Allegheny, Greene, and Fayette Counties in Pennsylvania. There was some property in West Virginia. The executor was required to make a number of trips to Greene and Fayette Counties. Decedent was the owner of a one-fourth interest in coal leases in which a number of other persons owned the other three fourths. This condition required much correspondence and conferring, particularly on the matter of taxes. In addition, accountant performed all the usual and necessary duties of an executor and of an attorney for the estate. A Federal estate tax was involved and the accountant prepared and filed a return. The record shows that the accountant has performed his duties

diligently, faithfully, and well both as executor and as attorney for the estate. The services rendered in both capacities amply justify the total compensation of $10,650. The second unnumbered exception filed February 14, 1951, will be dismissed.