## Root *v.* Crock.

Where a survey was made on the land for the purposes of partitioning, and the heirs conveyed the land according to the lines of that survey, and a re-conveyance to one of them was executed of his respective purpart, they are estopped to deny the correctness of the boundaries—and where the husband of one of the heirs, who was also a party to the deed, subsequently purchased the adjoining land, part of which was included in the survey and deed, he is estopped from claiming so much of the land as was so included.

In error from the District Court of Philadelphia.

*Feb.* 28. Ejectment. Root, the plaintiff, claimed a small strip of land adjoining the defendant's land, under a conveyance from Hopple in 1841. The defendant proved that in September, 1840, J. Root, the plaintiff, joined in a deed with his wife, who, with the other parties thereto, including Crock, the defendant, were heirs

and devisees of George Crock. In this deed they conveyed certain lands to Susannah Crock, of which the boundary line in question was thus described: "to a post, *thence by A. Leddon's land, south 53° 20', west, 52½ perches, to a corner of land allotted to Joseph Harrison.*" On the next day Susannah Crock conveyed to the defendant the particular tract alleged to contain the land in dispute.

The defendant further proved that a survey had been made of the land included in the conveyance of 1840, at which Root was present. The lines were marked, and a division of the property made. The children of George Crock were then called together, and lots cast to determine their purparts, when Crock, the defendant, drew the one conveyed to him by Susannah Crock. He further gave evidence that the conveyance of 1840 was based upon the survey, and included the property in dispute. The plaintiff gave evidence that the boundary line of Crock's property did not include the property in dispute, but that it lies within the Hopple tract, since purchased by Root.

His honour (JONES, P. J.) instructed the jury, that if the deed to Susannah Crock included the land, the plaintiff, by joining in that deed, could not claim against it. That although the encroachment would have been invalid against the Hopples, yet the plaintiff having since purchased that property, would be barred if the encroachment was included within his deed; it being immaterial that he joined in that conveyance in right of his wife, and that his present title was in his own right by purchase.

*C. Ingersoll*, for plaintiff in error.—The court directed the jury to decide the question on the estoppel; but that never operates by intendment; Co. Litt. 352 a, b; Jefferys v. Bucknell, 2 Barn. & Ad. 281. It is essential there should be a precise affirmation; Pelletreau v. Jackson, 11 Wend. 117. Nor is the quantity conveyed matter of estoppel; Skipwith v. Green, 1 Stra. 610; 1 Greenl. Ev. s. 26. The same principle will extend to boundaries. Minute words do not estop; Bac. Abr. *Plead.* I., 11; Vin. Abr. *Estop.* Q. pl. 35; Carpenter v. Buller, 8 Mees. & Wels. 209; nor are the parties estopped as to matters collateral. This was plainly collateral, for the owners of the land in dispute were not parties, nor had the conveyance any reference to them, being intended merely to divide the property. There was also no title in the parties to that deed, and there will then be no estoppel without a warranty; Blake v. Tucker, 12 Verm. 44, 6; McCracken v. Wright, 14 Johns. 194; Allen v. Sayward, 5 Greenl. 227; Boston v. Sparhawk, 5 Met. 469.

*H. M. Philips*, contrà.—The verdict has decided that the property was included within the survey, and the deed based upon it. Had the plaintiff then been the owner of the Hopple tract, he would clearly have been estopped; Lajoye *v.* Primm, 3 Miss. Rep. 529; Stewart *v.* Butler, 2 Serg. & Rawle, 381; Jackson *v.* Parkhurst, 9 Wend. 209; Carver *v.* Jackson, 4 Peters, 1; Crane *v.* Morris, 6 Peters, 598. Partition deeds are equally within this rule; Jackson *v.* Hasbrouck, 3 Johns. 331. He had notice, moreover, of the survey, and was estopped by that; Martin *v.* Ives, 17 Serg. & Rawle, 364. The only question, then, is, does the subsequent acquisition of title affect him? and that it does equally with ownership at the time is settled; Brown *v.* McCormick, 6 Watts, 60; 3 McCord, 411, 429; McWilliams *v.* Nisly, 2 Serg. & Rawle, 507; Jackson *v.* Murray, 12 Johns. 201; Stevens *v.* Stevens, 13 Johns. 316; Coxe, 172; 7 Com. 214.

*March* 13.   BURNSIDE, J.—I agree that if the question of boundary had been between strangers, the weight of evidence was clearly in favour of the line delineated by Henry Haines. It was an ancient boundary that the law would not have disturbed. But the heirs of George Crock, with a view to a partition among themselves, made a new boundary, which encroached from one to two feet on the Hopple tract, to which Root was a party. He cannot, by his subsequent purchase of the Hopple tract, change what was established by the amicable partition. An estoppel is where a man is concluded, by his own act or acceptance, to say the truth; Co. Litt. 352 a; and it may be by matter of writing, or *in pais;* Com. Dig., tit. *Estoppel.* Though a party to a deed be not estopped by a general recital, he is estopped by the recital of a particular fact in that deed, to deny such fact; Shelley *v.* Wright, Willes, 9. Here the changed boundary was recited as a particular fact, and the true line; and by that line a lot was set off and conveyed to each of the heirs. Generally a grantor is estopped by his deed to say he had no interest; 2 Term Rep. 171. There is no principle in our law better or more firmly settled, than that on which the judge instructed the jury, that if a man sells and conveys land to which he has no right or title, but afterwards buys or acquires the title to the same land, he cannot claim it against his grantee. The instructions of the judge were so full, clear, and correct, that I deem it unnecessary to add more.

Judgment affirmed.