430 James Doran and Wife, in right of Wife, Appellants
v. William H. Piper and John H. Lewars.

*Will—Power of sale—Deed.*

Testator gave to his wife all his real and personal estate so long as she remained his widow. He also made her sole executrix. He further di rected as follows : " I direct that my beloved wife pays all my just debts and after the death of their mother my will is that my estate shall be equally divided among all my children, and I further direct that should it be necessary on account of debts now or debts that may accrue in main- taining the family my wife will be privileged to sell a portion of the real estate." *Held*, that a deed executed by the widow under the power of sale in the will passed a good title to her grantee.

Argued Oct. 8, 1894.   Appeal, No. 251, Oct. T., 1894, by plaintiffs, from judgment of C. P. Cambria Co., Sept. T., 1893, No. 262, on verdict for defendants.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Ejectment.   Before BARKER, P. J.

The facts appear by the opinion of the Supreme Court.

The court, under objection and exception, admitted in evidence the deed under which defendants claimed. [4]

The court charged in effect that there was no burden on defendants to show that the land was sold to pay debts, and, as no evidence was offered on the subject, gave binding instructions in favor of defendants. [1–3]

Verdict for defendant.   A motion for a new trial was dismissed in the following opinion :

" The plaintiff contended that she was entitled to recover unless the defendant showed on the trial that it became necessary to sell the land in controversy on account of debts either existing at the time of Richard Sharp's death or that accrued in maintaining the family, and the defendants claimed that no such burden was imposed on them as purchasers from the executrix of Richard Sharp under the power contained in the will, and no evidence was offered by either side on this subject or as to the bona fides of the sale and purchase.   We sustained the defendant's contention and directed a verdict for defendant

and we can scarcely add anything to the oral opinion, delivered at the time, in confirmation of the views we then adopted and to which we still adhere.

"It cannot be seriously contended, in view of the well established rules of law, that a purchaser from the executrix of Richard Sharp of a portion of his real estate would be bound to see to the application of the purchase money.

"In Grant v. Hook, 13 S. & R. 259, which is one of the leading cases on this subject, the clause of the will under construction was as follows: 'And for the purpose of the better enabling my executors to pay my debts and educate my minor children, I hereby direct them to proceed to the collection of all my outstanding debts, and I also hereby authorize them, or a majority, or the survivor of them, to sell and convey all such part of my real estate as may be found necessary to pay my debts, and educate my minor children aforesaid.'

"Justice DUNCAN in delivering the opinion said that 'where the trust is for payment of debts generally (as in that case and the case at bar) the purchaser is not bound to see to the application of the purchase money, although he has notice of the debts; for a purchaser cannot be expected to see to the observance of a trust so unlimited and undefined.'

"'The education of his children, the purchaser never could see to; that could not be expected as it might be if it was for the payment of legacies.'

"In the case of Cadbury v. Duval, 10 Pa. 268, the above case is commented on and approved, and it is further ruled that the legislation of 1832 and 1834 does not modify or affect the rulings in that case.

"The same principle that would excuse a purchaser from seeing to the appropriation of purchase money to general debts, 'because the trust is so unlimited and undefined' and to the education of decedent's children because 'he never could see to it,' would excuse him from inquiring as to the existence of any such debts, and as to the necessity of a sale of real estate for their payment, but it was argued that because the executrix of Richard Sharp was only given the 'privilege' of selling a portion of his real estate 'should it be necessary on account of debts now or that may accrue in maintaining the family,' the purchaser must show that the necessity had arisen or his

title will fail. This was only another way of expressing the same power given to the executors in Grant v. Hook, to sell 'all such part as may be necessary to pay my debts and educate my children,' and in that case the will intimated the existence of personal assets for the payment of debts; in this case the will in a previous clause directs the payment of debts by the executrix, thus indicating the existence of debts, but not intimating, except in the general bequest, the existence of personal property. Again, if a purchaser is not required to see to the appropriation of purchase money to the education of minor children because of its impossibility, how could he see to its appropriation to their maintenance? And how could he ascertain the extent of the necessity existing to sell for their maintenance? The language employed by Richard Sharp in making provision for the payment of his debts and the maintenance of his family does not differ in effect from that employed in hundreds of wills authorizing the sale of real estate for these purposes, the implication or inference in all such is that a sale is only to be made in case of necessity, and yet it would be unprecedented to require a purchaser, or a subsequent owner, at the suit of an heir, to prove that the necessity existed in order to hold the land. The same rule that excuses him from looking to the application of the purchase money would excuse him from that. The executrix of Richard Sharp could have obtained an order of sale from the orphans' court to sell real estate for the payment of debts or for the maintenance of his family (consisting at the time of his death of nine children, the oldest of whom was but thirteen years old), had there been no such provision in his will; it is presumed that he was aware of this provision in the law, and it is apparent that he imposed special confidence and trust in her, and in her judgment and management, and he did not wish her to be required to go into court and give security and undergo the incident expenses, therefore he authorized her to sell, and the difficulty she would experience in finding a purchaser need only to be mentioned to be appreciated. If, under the law, that purchaser would be required to investigate whether the necessity existed, he might conclude that it did exist, she might conclude that it existed, and yet if the law be as contended for by plaintiff, his title would depend on the verdict of

as many juries as there were surviving children, and in this case that would be nine; one jury might hold the evidence, offered to show that a sale was necessary, sufficient, and another jury might hold it insufficient, and we cannot conceive of the law placing such impediments in the way of an executrix authorized to sell by such language as that employed by Richard Sharp; to do so would be to defeat his purpose plainly expressed, and he might as well have died intestate, as no one could be found who would buy, or as Justice DUNCAN concludes his opinion in Grant v. Hook, supra: 'It would render the power a useless one, for no prudent man would buy under such a load of responsibility.' "

Judgment for defendants.   Plaintiffs appealed.

*Errors assigned* were (1–3) instructions; (4) rulings on evidence; quoting bill of exceptions and instructions.

*Alvin Evans, D. J. Neff* with him, for appellants.—Nothing more than a life estate is intended by the will, and the power to sell a portion of the real estate is manifestly a contingent power, only to be exercised when necessary to meet the exigency mentioned in the will as to the payment of debts: Palethorp v. Bergner, 52 Pa. 149.

Where under a will there is given an express estate for life with a devise over, the estate given is not enlarged to a fee, either by charges upon it or by a power of sale : Hinkle's Ap., 116 Pa. 490 ; 2 Jarman on Wills, 269 ; Coane v. Parmentier, 10 Pa. 72 ; Harden v. Hays, 9 Pa. 151 ; Long v. Paul, 127 Pa. 456 ; Boyd v. Bigham, 4 Pa. 102 ; Stephens v. Windship, 1 Pick. (Mass.) 317.

*H. M. Baldridge* and *M. D. Kittel,* for appellees, not heard, cited: 18 A. & E. Ency. L. 968, § 9 ; Leonard v. Missionary Soc., 35 Hun, 290 ; 2 Redf. on Wills, p. 218, ch. 12, ed. 1866 ; Grant v. Hook, 13 S. & R. 259 ; Cadbury v. Duvall, 10 Pa. 265 ; Fisher v. Kurtz, 28 Pa. 50 ; Dalzell v. Crawford, 1 Pars. 37 ; Penn. Co. for Ins. on Lives, etc., v. Austin, 42 Pa. 257 ; 2 Wms. Exrs., 6th Am. ed., pp. 1001–4 ; Franklin v. Osgood, 14 Johns. 527 ; Ingles's Est., 76 Pa. 430 ; Swift's Ap., 87 Pa. 502 ; Dundas's Ap., 64 Pa. 325.

PER CURIAM, Oct. 22, 1894:

This action of ejectment was brought in the right of Mary Doran, nee Sharp,—one of the residuary devisees under the will of her father, Richard Sharp, who died testate in 1863, leaving to survive him a widow and nine children, of whom she was one,—to recover possession of the one undivided ninth part of the two hundred and ten acre tract of land described in the precipe. She claimed as one of the nine children, residuary devisees referred to in her father's will. The defendants claimed under the deed of testator's widow and executrix, executed under the power of sale given her by said will. The right of the plaintiff to recover, therefore, hinged on the proper construction of the following clauses of the will:

" First, I give and bequeath unto my beloved wife, Charity, my entire estate real and personal so long as she may remain my widow, but should she marry again she shall be entitled then to what the law allows widows commonly.

" I direct that my beloved wife pays all my just debts, and raises my children in the love and fear of God, and after the death of their mother my will is that my estate be equally divided amongst all my children, and I further direct that should it be necessary on account of debts now or debts that may accrue in maintaining the family, my wife will be privileged to sell a portion of the real estate. And I direct that my wife, Charity, be my sole executor in settling up my estate etc., hereby revoking all former wills by me made."

The learned trial judge held, in substance, that the deed of Charity Sharp, executrix, etc., under which defendants claimed title, was a good execution of the power of sale contained in the above quoted clause of Richard Sharp's will, and vested in her vendees a good title in fee simple to the land in question; and he accordingly directed a verdict in favor of the defendants.

The subjects of complaint in the first, second and third specifications are the excerpts, from the learned judge's charge, recited therein respectively. We have considered each of these portions of the charge and find no error therein. They contain an accurate construction of the clauses of the will above quoted.

The fourth and last specification complains of the admission, in evidence, of the deed under which the defendants claimed

title in themselves. The admission of the deed was the logical sequence of correctly construing the power of sale, and hence the deed was rightly admitted. In refusing plaintiffs' motion for a new trial the learned judge filed a clear, concise and convincing opinion in which the questions involved are fully and satisfactorily considered. In view of that, further comment is unnecessary.

Judgment affirmed.