## Eisenbrown *v.* Burns, Appellant.

*Will—Devise—Power of sale—Real estate.*

Testator directed that his executors should permit his niece to continue to occupy a residence "free of charge, so long as same may remain in its present condition, and the property of my estate." He gave to his executors full power to sell all or any part of his real estate, "either at public or private sale, as they shall deem best, and for such price or prices, and upon such terms and conditions as in their judgment may be deemed advisable," free of all liability on the part of the purchaser to see to the application of the purchase money. The executors sold the residence occupied by the niece, and the purchaser brought an ejectment against the niece to recover possession. *Held*, (1) that the plaintiff was entitled to recover possession of the premises: (2) that the plaintiff was not required to show that the sale of the premises was necessary to carry out the provisions of the will; (3) that one of the two executors who had joined in the deed should not be permitted to contradict the deed, and deny his authority to execute it.

Argued Oct. 19, 1905. Appeal, No. 114, 1905, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1903, No. 3682, on verdict for plaintiff in case of Harry J. Eisenbrown, agent for James Flaherty, v. Lawrence Burns and Elizabeth Burns. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Ejectment for No. 1019 Master street in the city of Philadelphia. Before BEITLER, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*William A. Hayes*, for appellants.—There was no power in the executors to sell the premises in question : Potts v. Breneman, 182 Pa. 295; Sweeney v. Warren, 28 N. E. Repr. 413; Seeds v. Burk, 181 Pa. 281 ; Forrest v. Wallace, 3 Walker, 86 ; Wilkinson v. Buist, 124 Pa. 253 ; Fidler v. Lash, 125 Pa. 87 ; Luffberry's App., 125 Pa. 513 ; Eberly v. Koller, 209 Pa. 298.

*Charles E. Lex,* for appellee. — The executors of John O'Neill's will had full discretionary power and authority to sell any real estate of which he died seized, and there is nothing in the will which shows any intention to except the premises in question. The power refers to "all or any part" of his real estate, and if he had desired to except what he had specifically devised, he could have so stated: Grant v. Hook, 13 S. & R. 259; Doran v. Piper, 164 Pa. 430; Monticelli v. Meyer, 193 Pa. 545; Hovey v. Chisolm, 56 Hun, 328 (9 N. Y. Supp. 671).

OPINION BY ORLADY, J., January 13, 1906:

The eleventh item in the will of John O'Neill is as follows: "For the purpose of paying my debts, and carrying out the provisions of this my will, I do hereby authorize and empower my executors hereinafter named to sell and dispose of all or any part of my real estate, either at public or private sale, as they shall deem best, and for such price or prices and upon such terms and conditions as in their judgment may be deemed advisable and to make and execute suitable deed or deeds therefor to such purchaser or purchasers as they may deem proper, free, clear and discharged of all liability on the part of the purchaser or purchasers to see to the application of the purchase money." By the ninth item, he provided as follows: "I direct that my executors hereinafter named shall allow my niece, Mrs. Elizabeth Burns, to continue to occupy premises No. 1019 Master street, Philadelphia, free of charge, so long as same may remain in its present condition, and the property of my estate." By previous items he devised to friends $3,500, absolutely, and provided: the income derived from $2,500 should be paid to Catherine Kinney during her life; the income derived from $15,000 should be paid to Victoria Pingston during her life; the income to be derived from $5,000 should be paid to his wife, and by a subsequent item, provided that the rest, residue and remainder of his estate should pass to his wife, Mary Ellen O'Neill, absolutely. The executors, Mary Ellen O'Neill and Edward J. Brophy, "acting in pursuance of the power and authority conferred upon them by the will of the said decedent, and for the purpose of paying the debts of the said decedent," by a formal deed duly executed and delivered, sold the property

in dispute in this case, No. 1019 Master street, and other property of the decedent, No. 1017 Master street, to James Flaherty for $6,500 which purchase money was received by the executors and duly accounted for by them.

This action of ejectment was brought to recover the possession of No. 1019 Master street from Elizabeth Burns, who occupied the premises by virtue of the ninth paragraph of John O'Neill's will, and the only question raised by this appeal is whether, under the admitted facts of the case, the plaintiff was required to show affirmatively that the sale by the executors was in fact necessary in order to carry out the provisions of the will. Had John O'Neill intended that Elizabeth Burns should have a life estate in the premises he could have declared his intention by easily understood words. The defendant accepted the devised property upon the condition annexed to it, viz: " so long as the same may remain in its present condition, and the property of my estate " and, she must be held bound by the terms of the condition if the power given the executors in the will was properly exercised.

The executors were given ample power and authority to sell all or any part of the decedent's real estate for the purpose of paying the debts, and carrying out the other provisions of his will. It would be a strained construction to limit the application of the words "as they shall deem best "; "as in their judgment "; " as they may deem proper" to fixing the amount of the purchase money and securing its payment and not apply them to the power and authority to make the sale. The payment of the debts was not the sole and determining reason which would justify the sale, as the payment of the legacies and administration of the trusts mentioned in the will may have been as active and persuasive inducements as the payment of the debts. They were given a large discretion in their disposition of the estate, and this legatee could not require them to subordinate the interests of creditors or the other legatees to her own. Such was not the intention of the testator as gathered from the words of his will. Nor was the purchaser, after paying the fair price of the land, required to see to the application of the purchase money, as the testator had specifically exempted him from all liability in regard to it. It follows that the sale was a valid execution of the power given to the exec-

utors and vested a good title to the lot in the purchaser. If this purchaser would be required to investigate, whether a necessity for a sale existed and conclude that it did exist, and the legatee differ with him in such conclusion, the validity of the title would be made to depend on the verdicts of as many juries as the parties might be able to secure in determining the very question which the testator declared should be decided by his executors. "It would render the power useless, for no prudent man would buy under such a load of responsibilities : " Grant v. Hook, 13 S. & R. 259; Doran v. Piper, 164 Pa. 430. The plaintiff had a right to rely on the deed given to him in the execution of that power, and the court rightly rejected the offer to attack its validity by having one of the grantors, after having accepted the full consideration, contradict his solemn declaration made in the deed, and deny his authority to make it, without any suggestion of fraud, accident or mistake in the transaction. The witness had joined with his coexecutor in making the sale, and induced the plaintiff to part with his money, which represented the fair value of the land. The rules of law as well as the dictates of common honesty hold him to be estopped in denying that his exercise of this discretionary power, as executor, was for the best interests of the estate, and, from destroying the title which he created, after he had received full consideration for the property: McPherson v. Cunliff, 11 S. & R. 422; Root v. Crock, 7 Pa. 378; Maple v. Kussart, 53 Pa. 348; Monticilli v. Meyer, 193 Pa. 545. The mistake in awarding the plaintiff money damages in the verdict, was corrected, and the judgment entered was for the land described in the writ, without prejudice to his right to bring suit for mesne profits. The assignments of error are overruled and the judgment is affirmed.