# Bell's Estate (No. 2).

*Executors and administrators—Surcharge—Loan.*

An administrator d. b. n. c. t. a. will not be surcharged with a loss resulting from a loan where it appears that the loan was made by the sole executrix who preceded him in the trust, and that he had nothing to do with the transaction.

Argued Oct. 29, 1909. Appeal, No. 208, Oct. T., 1909, by Harmar D. Denny, Administrator d. b. n. c. t. a. of the estate of Thompson Bell, deceased, from decree of O. C. Allegheny Co., Sept. T., 1908, No. 42, dismissing exceptions to adjudication in Estate of Thompson Bell, deceased. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Error assigned* was decree of the court.

*C. C. Dickey,* with him *W. K. Shiras,* for appellant.

*J. McF. Carpenter,* with him *George N. Chalfant* and *William B. Secrist,* for appellees.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

In this appeal, error is alleged in the final decree of the orphans' court, by reason of its striking out the surcharge of the amount of a loan to Fleming Brothers, of $10,000 and interest. The court below gave no reason for sustaining the exception to this surcharge, but the record shows that the loan in question was made when Emma M. Bell was sole executrix; and that when Fleming Brothers failed, the dividend upon the indebtedness in question was collected by Emma M. Bell. It does not appear that James M. Bell, as administrator, had anything to do with the transaction. We think the court below

was right in refusing to surcharge for this item. At any rate, the question was one of fact, and there is evidence to sustain the finding.

The assignments of error are overruled, and this appeal is dismissed.