# Schenck *v.* Clyde, Appellant.

*Wills—Power of sale—Executors and administrators—Administrator d. b. n. c. t. a.*

1. An administrator d. b. n. c. t. a. appointed eleven years after the death of testatrix, cannot execute a legal deed for the conveyance of real estate of the decedent without notice to devisees, where it appears that the will simply gave the executor power to sell "any or all real estate for the payment of the debts or for any other purpose," that there were no debts, and that the will created no trust, the administration of which required a sale.

2. A purchaser from a donee of a power is always bound to see that the power on which he relies actually exists and is being lawfully exercised.

Argued Dec. 16, 1912. Appeal, No. 197, Oct. T., 1912, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1911, No. 4,190, on verdict for plaintiff in case of Elizabeth Schenck et al. and The Media Title and Trust Company, Guardian of Latemore Williams, a minor, v. Anna M. Clyde. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Ejectment for land in the twenty-third ward of the city of Philadelphia. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs. Defendant appealed.

*Error assigned* was in directing a verdict for plaintiff.

*E. Clinton Rhoads*, with him *Joseph E. Sagebeer*, for appellant.—A purchaser who takes under the power of sale in a will is not bound to investigate the existence of the necessity for the exercise by the executor or ad-

ministrator c. t. a. of the power of sale: Doran v. Piper, 164 Pa. 430; Power v. Grogan, 232 Pa. 387; Giddeon's Est., 2 W. N. C. 355; Evans v. Chew, 71 Pa. 47; Jackman v. Delafield, 6 W. N. C. 9; Dundas's App., 64 Pa. 325; Lantz v. Boyer, 81 Pa. 325; Potts v. Breneman, 182 Pa. 295: Eberly v. Koller, 209 Pa. 298; Wilkinson v. Buist, 124 Pa. 253; Knight v. Church, 219 Pa. 184; Eisenbrown v. Burns, 30 Pa. Superior Ct. 46; Grant v. Hook, 13 S. & R. 259; Cadbury v. Duval, 10 Pa. 265; Gordon v. McDougall, 84 Miss. 715; Goodrich v. Proctor, 67 Mass. 567; Hardy v. Sanborn, 172 Mass. 405; Griffin v. Griffin, 141 Ill. 373; Harp v. Wallin, 93 Ga. 811.

*James W. Laws*, with him *H. J. Makiver* and *Edwin M. Abbott*, for appellee.—The power of sale of real estate vested in the executor under the decedent's will could not be exercised by the administrator, c. t. a., after a lapse of more than eleven and a half years of decedent's death, where there were no debts or legacies to be paid and no legal reason for making such a sale for any purpose under the terms of the will: Wilkinson v. Buist, 23 W. N. C. 311; Eberly v. Koller, 209 Pa. 298.

OPINION BY HEAD, J., July 16, 1913:

Emmeline Simmons died March 3, 1898, testate and seized, inter alia, of the premises in dispute. By the fifth paragraph of her will, duly admitted to probate, she devised the said premises to her two sisters and her brother, subject to a life estate in favor of her surviving husband. The brother, who was named as her executor, has since died, and his children, with the two remaining devisees of the testatrix, are the parties plaintiff claiming the title to the premises in dispute under the devise aforesaid. The husband of the testatrix who survived her has also died, and the plaintiffs have therefore a clear paper title as the successors of Emmeline Simmons, under whom all parties claim.

The sixth paragraph of the will of the testatrix was as follows: "I hereby authorize and empower my executor hereinafter named to sell and dispose of any or all real estate for the payment of my debts or for any other purpose, . . . . and to give and execute to the purchaser good and sufficient deeds of conveyance therefor in fee simple or for any less estate free and discharged from any liability on the part of the purchaser to see to the application of the purchase money." It affirmatively appears from the undisputed evidence that the testatrix left no debts and that her personal estate, although small, was adequate to provide for her funeral expenses. These were paid, and the personal estate having thus practically settled itself, no formal account was filed by the executor. This course seems to have met with the acquiescence of the parties in interest. Her executor survived the testatrix about seven years and then died, having devised his undivided interest in the real estate of his deceased sister to those who, with the two surviving sisters of the testator, are the parties plaintiff. In 1909, about eleven years after the death of the testatrix, letters of administration de bonis non c. t. a. upon her estate were granted to one Elizabeth Kane, the surviving husband having renounced his right in her favor. The said administratrix then undertook to execute the power of sale which had been conferred by the testatrix on her executor, without any notice to the plaintiffs, tenants of the fee, and sold and conveyed the premises in dispute to Anna M. Clyde, the defendant. By virtue of that conveyance she asserts that the title of the plaintiffs was destroyed and that she is now lawfully seized of the title of the common ancestor, Emmeline Simmons.

It will be observed the will of the testatrix worked no conversion. It contains no absolute direction to sell. It simply invests her executor with power to make a sale of the real estate "for the payment of my debts or for any other purpose." The will creates no trust to be carried out by the executor other than the ordinary one imposed

upon every executor or administrator to settle the estate according to law. As there were no debts, there was no occasion for any execution of the power for the purpose of paying them. It is true, the power conferred is without any express limitation of time within which it should be exercised. It must also be agreed that the language quoted defining the purposes for which the power might be lawfully exercised is general. But it does not follow from these facts that the executor named in the will, or a succeeding administrator de bonis non, might, at any indefinite time after the death of the testatrix, sell and convey the property without any regard to the nature of the power conferred and the purposes for which it should be exercised. The power conferred must necessarily be construed in the light shed by the will on the purpose of the testatrix in conferring it. To the payment of her debts, of course, her property was legally devoted, and she might well empower her executor to sell her real estate for such purpose. Her expression "or for any other purpose" must be construed in the light of the more specific purpose named. In other words, it would be for the purpose of executing her will. Beyond that he had nothing to do. To undertake to exercise such power for a purpose wholly foreign to any contemplated by the testatrix, according to her will, would be unwarranted.

We are not confronted, as we view it, with any question as to the duty of a purchaser, from the donee of a power properly exercised, to see to the application of the purchase money. Our proposition, therefore, is not controlled by Doran v. Piper, 164 Pa. 430; Eisenbrown v. Burns, 30 Pa. Superior Ct. 46, and kindred cases. Here we are to determine whether or not there was a lawful exercise of the power conferred by the sixth paragraph of the will of the . testatrix quoted. A purchaser from the donee of a power is always bound to see that the power on which he relies actually exists and is being lawfully exercised. This was the situation of the purchaser in the present case. It therefore belongs to the class of cases of which Wilkinson

v. Buist, 124 Pa. 253, and Eberly v. Koller, 209 Pa. 298, are types. The language of the sixth clause of the will of the testatrix in the present case is almost identical with that of the fifth clause in the first of the two cases just cited. The reasoning of Mr. Justice CLARK could with perfect propriety be applied to the determination of the question now before us. So applying it, we are led to the conclusion that the learned court below was right in directing a verdict for the plaintiffs.

Judgment affirmed.