## Stoffa Estate

*Martin J. O'Donnell,* for petitioner.
*Pasco L. Schiavo,* for respondents.

BIGELOW, *J.,* Specially Presiding, December 8, 1977 — Margaret Prokop, administratrix de bonis non, has petitioned the court for an order directing four named owners of land who purchased their land from her predecessor, Wanda W. Stoffa, administratrix of the estate of Joseph J. Stoffa, Sr., a/k/a Joseph J. Stoffa, a/k/a Joseph Stoffa, deceased, to surrender and reconvey these lands to the said estate and that said owners be enjoined from conveying or selling the land. Hearing of the rule issued pursuant to the petition was held on November 30, 1977. No testimony was taken at that time as the facts were established by the petition and answer. Mr. Thomas Stoffa appeared at the hearing and stated that he wished to raise some questions about the estate and was advised by the hearing judge that, while he had the right to raise questions in court concerning the estate, such questions not related to these four parcels of land would be heard at other times in accordance with the law.

The facts averred in the petition of the administratrix d.b.n. and admitted by the answer of the purchasers of the four parcels are:

"1. That Joseph J. Stoffa, Sr., died June 6, 1969, intestate.

"2. That letters of administration were granted July 3, 1969, to Wanda W. Stoffa, his widow.

"3. That Wanda W. Stoffa died November 25, 1973.

"4. That letters of administration de bonis non were granted August 24, 1977, to petitioner, a daughter of decedent.

"5. That Wanda W. Stoffa, administratrix of the estate of Joseph J. Stoffa, deceased, made four conveyances of 1 acre parcels of real estate by four deeds, each dated December 12, 1972, and each recorded February 1, 1973, as follows:

"(a) To Loretta Sanzone & Bernard Sanzone, her husband, deed book 1772, page 601;

"(b) To Veronica A. Henneman and George Henneman, her husband, deed book 1772, page 599;

"(c) To Mary Gregor, deed book 1773, page 1199; and

"(d) To Wanda W. Loatch and William D. Loatch, her husband, deed book 1773, page 1.

"6. That the consideration for each of the deeds was $100.00."

Two reasons were advanced by petitioner in support of her demand. The first, inadequacy of consideration predicated upon the averment that in each of these conveyances the female grantee was a daughter of Wanda W. Stoffa, the original administratrix, was withdrawn by attorney Martin O'Donnell at the hearing on November 30, 1977. The second reason is averred as follows:

"8. That the sales and conveyances of the four parcels of land are null and void because there was no compliance with section 541 of the Fiduciaries Act of 1949 in that administratrix did not request the court to order additional bond or to excuse her from posting additional bond."

The answer of the purchasers to paragraph 8 of the petition is as follows:

"8. Denied. Section 541 of the Fiduciaries Act of 1949, as amended (20 Pa.C.S.A. Sect. 3351), cannot be invoked by the administratrix hereunder and her legal representative because of their being estopped to do so and/or their having waived and discharged their right to raise such a legal objection by virtue of the administratrix's previously having been a party to said conveyances and transactions (even though said previous administratrix was a different person in actuality then (sic) the present administratrix) and said legal counsel having been the same legal counsel for both said administratrices."

Section 3351 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, as amended, 20 Pa.C.S.A. §3351, effective July 1, 1972, provided in pertinent part:

"Except as otherwise provided by the will, if any, the personal representative may sell, at public or private sale . . . any real property not specifically devised. . . . When the personal representative has been required to give a bond, no proceeds of real estate . . . shall be paid to him until the court has made an order excusing him from entering additional security or requiring additional security, and in the latter event, only after he has entered the additional security." 20 Pa.C.S.A. §3351.

In re Stewart's Estate, 62 Luz. 45, 22 Fiduc. Rep. 257 (1972), presented a similar situation to this court, Lopatto, P.J. The administrator, having sold certain of decedent's real estate to purchasers for $3,000, neglected to file a petition seeking waiver or entry of additional security as required by section 541 of the Fiduciaries Act of 1949, which is identical with the germane provisions of section 3351

above. President Judge Lopatto wrote, in ruling upon the request of the administrator de bonis non, to void the sale:

"A very narrow question is presented: does non-compliance with the statute vitiate the sale?

"The scope of this inquiry is equally as narrow and leads inescapably to the conclusion that this sale did not effectively pass full title of the decedent to the petitioners."

In Stewart, the only legal disability of the sale itself was the administrator's neglect to file the section 541 petition and to obtain the requisite court order. The fact that the administrator accounted for the proceeds, although he was surcharged for $24,112.22, an amount of money not paid by him to his successor fiduciary, did not remove this defect, and the deed to the purchasers was ordered null and void and of no effect.

The Stewart holding appears to control the instant case. Respondents herein, the purchasers of the four lots from the original administratrix, maintain, through their counsel, that the Stewart decision was both "extreme and wrong by deciding that title to the premises cannot pass to the buyers due to non-compliance with the statute. This is not the plain intent of the statute which is simply to assure the proper handling of the sales proceeds, something which was done in this case." This was the focal point of the argument submitted on behalf of respondents, coupled with the issues of waiver and estoppel. The ultimate disposition of the $400 consideration is unknown to the court, as is the existence of a family settlement prior to the sale, argued in petitioner's brief.

What respondents seem to be arguing is that a

successor administratrix is estopped from challenging an act or deed of her deceased predecessor administratrix. In support of this position they cite 14 P.L.E. 180, 182, §§5, 6; Dean v. Connelly, 6 Pa. 239 (1847); Central Pa. Lumber Co. v. Bristol, 250 Pa. 61, 95 Atl. 383 (1915); Shaw v. Galbraith, 7 Pa. 111 (1847); Ewing v. Desilver, 8 S. & R. 92 (1822); Eisenbrown v. Burns, 30 Pa. Superior Ct. 46 (1906), and 20 Pa.C.S.A. §3326. Petitioner's argument relies on the Stewart Estate decision, referred to above, and does not consider the estoppel argument raised in respondent's answer and argument brief.

In Stewart Estate, the issues of waiver and estoppel were not raised nor decided by the court. The Act of April 18, 1949, P.L. 512, art. V, sec. 541, 20 P.S. §320.541, contained a similar requirement which had to be met by the personal representative before proceeds of a sale of real estate be paid to him.

In this case, the original administratrix conveyed the land owned by her decedent. In Eisenbrown v. Burns, 30 Pa. Superior Ct. 46 (1906), it was held that a personal representative having executed a deed is estopped to deny his authority to execute the deed after he had exercised his discretionary power and had received full consideration for the property. The issue of inadequacy of consideration has been withdrawn from this proceeding. The issue remaining as to estoppel is whether the successor administratrix is estopped to raise the question of noncompliance with the statute as to an act of her predecessor. It has been held that an administrator de bonis non is bound by all lawful acts of his predecessor performed within the scope of his duties: McCarthy's Estate, 21 Erie 1 (1939).

On the other hand, an administrator de bonis non

is not responsible for the maladministration of his predecessor: Bell's Estate (no. 2), 226 Pa. 535, 75 Atl. 727 (1910). According to Judge Lopatto's ruling in Stewart Estate, the original administratrix' deeds to the purchasers were void, she having failed to comply with section 3351. This is the rule in this judicial district under the rule of stare decisis. See 1 Standard Pa. Pract. 37, §320; Schmid Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 120, 121, 173 A. 2d 758 (1961). We are compelled to conclude that the doctrine of estoppel does not apply to this case, the act of the original administratrix having not conformed to the law.

The issue of waiver raised by the owners who purchased the land from the original administratrix has been stated above, in the language of their answer to the petition of the administratrix de bonis non and is predicated upon two facts: First, that the administratrix de bonis non is the successor to the original administratrix and, therefore, cannot raise the issue of failure to comply with section 541, 20 Pa.C.S.A. §3351; second, that the legal counsel for both of the administratrices is the same lawyer. The first fact has been discussed and rejected as the controlling fact under the discussion of the issue of estoppel. The second fact, i.e., the identity of counsel for the personal representatives, is completely irrelevant to the issue which is whether the administratrix de bonis non has waived the right to raise the issue of noncompliance with section 541, supra. As noted above, the administratrix de bonis non is not bound by maladministration of the estate by her predecessor. She certainly has not waived her right to challenge an act of maladministration by her predecessor by any lapse of time as the present administratrix de bonis non commenced her

352

action to set aside the conveyances within two weeks after her appointment as administratrix de bonis non.

For the above reasons, the citation issued to respondents will be made absolute and the relief sought by petition will be ordered.

## DECREE

For the reasons stated in the foregoing decision, the conveyances by Wanda W. Stoffa, administratrix of the estate of Joseph J. Stoffa, deceased, dated December 12, 1972, and recorded as follows in the office of the Recorder of Deeds of Luzerne County: To Loretta Sanzone and Bernard Sanzone, her husband, recorded in deed book 1772 at page 601; to Veronica A. Henneman and George Henneman, her husband, recorded in deed book 1772 at page 599; to Mary Gregor, recorded in deed book 1773 at page 1199; to Wanda W. Loatch and William Loatch, her husband, recorded in deed book 1773 at page 1, hereby are declared void and of no effect and the recorder of deeds is directed to so mark on the margin of the recorded deeds aforesaid, and it is further directed that said respondents are hereby enjoined from conveying or selling the lands described in said deeds, and it is further directed that the citation issued by this court on September 6, 1977, hereby is made absolute.