# Vernon's Estate.

*Decedents' estates—Distribution in kind—Stock of corporation—Restriction on sale of stock.*

It is proper for the orphans' court, all debts being paid, to award in kind to the widow of a decedent who died childless, one-half of the number of shares of stock owned by the decedent in a corporation, notwithstanding a restriction in the by-laws of the corporation on the sale of the stock, and notwithstanding the allegations of other parties interested in the estate that the stock would bring more if sold as a whole by the executor.

Submitted May 11, 1909. Appeal, No. 291, Jan. T., 1908, by the Delaware County Trust, Safe Deposit & Title Insur-

ance Company, guardian of Mary W. Vernon et al., minors, from decree of O. C. Del. Co., dismissing exceptions to report of auditor in Estate of William G. Vernon, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Exceptions to report of George B. Lindsay, Esq., auditor. Before BROOMAL, J.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*O. B. Dickinson*, for appellant.—None of the distributees have title to these shares of stock as stock, nor to any particular shares. All they have is a distributive share in the estate of the decedent of which these form a part. What, therefore, they are entitled to is to have the stock disposed of in the regular and orderly way provided by law for the settlement of decedents' estates.

In the orderly and regular course of settlement of decedents' estates the amount of the estate for distribution is determined by the executor turning the property into money and the amount for distribution being brought into his account and either voluntarily stated by him or in the regular way found to be in his hands. This was not done in the court below, but on the contrary the stock was in the first instance distributed by the court in kind to one of the distributees without regard to its effect upon the interests of the others and without it first being found through an accounting by the executor of just what the balance for distribution was.

The complaint here made is not made by the executor but by a distributee who has as much interest proportionately in the stock awarded to Amanda T. Vernon as she to whom it was given had in it.

*Wm. I. Schaffer* and *Hampton L. Carson*, for Amanda T. Vernon.—Where a residuary legatee is willing to take his

share of an estate in stocks and bonds and other securities, held by the testator and remaining in the hands of the executors, he is entitled to do so, and the executors cannot refuse to make distribution on the ground that they have been unable to convert the securities into cash: Reed's Est., 82 Pa. 428; Hart's Est., 25 Pa. C. C. Rep. 401.

OPINION BY MR. JUSTICE POTTER, June 22, 1909:

It appears from the record in this case that at the time of his death, May 8, 1904, William G. Vernon owned 187 shares of the capital stock of the Philadelphia Lawn Mower Company of the par value of $100 per share. The market value of the stock was, however, regarded as being considerably more than the par value, provided the stock could be sold and transferred without restriction. It seems that a by-law of the corporation provides as follows: "Shares of capital stock may be transferred by indorsement on the certificate and its surrender to the secretary for cancellation, whereupon a new certificate shall be issued to the transferee: Provided, however, that before any one holding stock of this corporation at the time of the adoption of these by-laws shall sell or assign such stock so held by him he shall offer the same to the then stockholders, who shall have the option of buying the same at par and only upon the declination of the stockholders to buy said stock shall he have the right to sell to outside parties." The executor of William G. Vernon offered the stock in question at public sale, and sold one share for $138. The remaining 186 shares were not sold. The purchaser paid for the share he bought, and it was assigned to him by the executor; but the officers of the company refused to issue a new certificate to him for the reason that the stock had not been offered to the other stockholders at par as required by the by-law above quoted. The purchaser then filed a bill in equity in the court of common pleas No. 4 of Philadelphia county, to compel the transfer of the stock and the issuance of a new certificate, but that court sustained the by-law in connection with the contract, and dismissed the bill. The result of the decision in that case would naturally affect the

market value of the stock in the hands of the executor, but the question there decided is not directly raised in this case. It appears here that Amanda T. Vernon, the widow of William G. Vernon, elected to take against his will, and there being no children, is entitled to receive one-half of the personal estate absolutely. All the creditors of the testator having been paid, the widow petitioned the court below to have the lawn mower company stock distributed in kind to the persons entitled to it. This petition was referred to an auditor, who reported in favor of granting the prayer of the petitioner, and of awarding to her ninety-three shares of the stock and recommended that the remaining ninety-three shares be divided among the legatees entitled to testator's residuary estate. Exceptions were filed to the auditor's report, which were dismissed by the court below, and the report confirmed, in so far as it related to the award of the ninety-three shares to Mrs. Vernon. From the decree to that effect, this appeal has been taken.

No reason for the reversal of the order of the court below is given, except the suggestion that a sale of the stock, as a whole, might result in bringing in more money than if the entire holding were divided and sold in separate lots. But on the other hand, the auditor in his report, forcibly points out that the conditions are such that delay may result in depreciation of the value of the stock. We see no good reason why the widow should be denied the right to a distribution in kind. She may not wish to dispose of the stock, but prefer to retain the ownership. At any rate she is entitled to do with it, as she may deem best. It is sufficient to say that nothing has been shown which in any way tends to convict the court below of an abuse, in the exercise of its discretion. That being so, nothing remains for this court, but to affirm the judgment, and it is so ordered.