# Brooks' Estate.

*Decedents' estates—Executors and administrators— Compensation—Method of distribution—Distribution in kind —Judicial discretion.*

1. Where shortly after the death of a decedent whose estate consisted mainly of unconverted securities, it was agreed that one of three administrators should manage the estate for a stipulated salary and it appeared that appellant, another of the administrators, had done nothing but collect rents, upon which he had received the usual commissions, the action of the Orphans' Court in fixing a

lump sum as compensation for the administrators based upon the character and extent of the service rendered by them will not be reversed on appeal.

2. In such case the discretion of the Orphans' Court was properly exercised in directing the distribution of the securities of the estate in kind to the distributees desiring so to take, where it appeared that five out of the seven parties in interest desired such method of distribution and that there was nothing in the situation of the estate which rendered such distribution impracticable or inequitable.

Argued Feb. 3, 1915.   Appeal, No. 208, Jan. T., 1914, by George H. Brooks, from decree O. C. Philadelphia Co., Oct. T., 1909, No. 716, dismissing exceptions to adjudication in Estate of Henry Brooks, deceased.   Before BROWN, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Exceptions to adjudication.   Before ANDERSON, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion by GEST, J.   George H. Brooks appealed.

*Error assigned,* among others was in dismissing the exceptions.

*John C. Grady,* for appellant.

*Ruby R. Vale* and *Harry S. Mesirov,* with them *Samuel W. Salus* and *M. Hampton Todd,* for appellees.

OPINION BY MR. JUSTICE STEWART, April 12, 1915:

Letters of administration on the estate of Henry Brooks, who died 4th February, 1908, intestate, were issued to three persons chosen by all parties in interest. The condition of the estate was such that it was thought wise to conserve it for a time rather than convert at once and distribute. To this end all the heirs at law and two of the administrators united in an agreement, placing

John J. Coyle, the third administrator in entire charge
of the estate for a period of five years, at an annual
salary of $5,000. To this appellant, one of the adminis-
,trators, was committed the collection of the rents of
the real estate. Three accounts of the administration
have been filed. When these came before the court for
adjudication, 9th December, 1913, a number of questions
were raised, all of which were so considered and ad-
judged as to meet, if not with the approval, certainly
with the acquiescence of the parties interested, except
the two which this appeal brings to our notice. The ap-
peal is by George H. Brooks, and is on his own behalf
as one of the administrators. He complains, first, that
sufficient compensation was not allowed the administra-
tors. The finding of the auditing judge was as follows,—
"The duties the accountants performed, qua administra-
trators, seem to have been very limited, as has been
shown, they practically turned over the administration
of the estate to Mr. Coyle, except the collection of rents.
These were collected by George H. Brooks and he re-
ceived his commissions thereon. The great bulk of the
estate consists of unconverted securities. The care and
handling of the property involved in this ownership
has already been paid in the annual salary allowed Mr.
Coyle......From the fact that most of the assets have
not been converted but remain in specie, the auditing
judge thinks that compensation for the work and labor
done can better be fixed at a lump sum than upon a per-
centum rate based on the value of the securities con-
verted. After a careful consideration of the supervision
required of the accountants as to the action of the man-
ager and the conversion of some of the assets, and that
the administration has lasted for six years, he thinks the
sum of $3,000 would be a fair compensation." This
finding, upon exceptions filed, was reviewed by the court
and was approved. Where this is the case the appellate
court will reverse only where there is manifest error.
Fahnestock's App., 104 Pa. 46; Moore's Est., 211 Pa.

338. Our examination of the evidence has satisfied us that the amount allowed the administrators is amply compensatory for the services rendered. One of the administrators, Dr. Charles H. Harvey, was content to waive all commissions; another, John J. Coyle, since he is not here appealing, we assume is satisfied with the yearly salary he receives, and the compensation awarded by the court; the appellant, the other administrator, rendered no service that we can discover, except to collect the rents from the real estate for which he has received his commissions. We see not the slightest reason to disturb the conclusion reached by the court below. The assignment relating to this feature of the case is overruled.

The other complaint is directed to the order of the court which allows a distribution of the securities of the estate in kind to the distributees desiring to so take. We see nothing in the situation of the estate which renders such distribution either impracticable or inequitable. The order was made upon the express desire of five out of the seven parties in interest, and now this appellant alone remains dissatisfied. He has brought nothing to our notice that affords reason to question in any way the justice and equity of the course adopted by the court in this regard. The assignments of error are overruled and the appeal is dismissed.