Widmyer Trust.

Argued April 12, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Lloyd J. Schumacker*, with him *Louis S. May*, for appellants.

*Frank A. Moorshead*, with him *H. E. Potter*, for appellee.

OPINION BY MR. JUSTICE DREW, May 28, 1947:

These four appeals by Edward Bursk, Katherine Bursk Means, Frances Bursk Swift and Parker Bursk, remaindermen under a deed of trust of Dr. J. Lawrence Widmyer, now deceased, are from a final decree of the Court of Common Pleas of Delaware County confirming the second and final account of Frederick H. Starling, substituted trustee, and awarding the entire balance of the trust corpus to this trustee, in his individual capacity, in reimbursement for advancements made to the trust estate and also in payment of the sum due under an assignment from settlor-beneficiary.

The following are the pertinent facts: On December 11, 1928, Dr. Widmyer executed a deed of trust, which, after authorizing the payment of current obligations of the settlor at the discretion of the trustees, and providing for cerain discretionary payments to Myrtle Widmyer, his wife, out of the net income, provided, inter alia, as follows: "6. To pay to the Settlor . . . the sum

of One Hundred Dollars ($100.) per month. If the income from the Estate is not sufficient to pay . . . the said sum of One Hundred Dollars ($100.) to the Settlor, the Trustees are empowered in their discretion to take such sum from the principal of the Estate as may be necessary to make up the full amount of said payments, and to that extent to consume the principal of the Estate." The instrument further provided that upon the settlor's death the net income was to be paid to his aunt, Sarah K. Loudenslager, for life, with discretion in the trustees to use principal. After the death of settlor and Sarah Loudenslager, the trustees were required by the terms of the deed to pay the income thereof to J. Howard Bursk and Robert G. Bursk (first cousins of the settlor), in equal shares, and upon their death to divide the principal equally among the four remaindermen (second cousins of the settlor), who are still living and are appellants here. Sarah K. Loudenslager, J. Howard Bursk and Robert G. Bursk have predeceased settlor. Myrtle Widmyer, settlor's wife, is still living, but is not a party to these proceedings.

In March, 1945, Dr. Widmyer suffered a heart attack, which resulted in his hospitalization for three weeks prior to his death on April 10, 1945. While he was confined in the hospital and at his request, the trustee drew two checks for $1,000 each from the trust fund and, after Dr. Widmyer endorsed them, he gave the $2,000 to the trustee for the latter's individual use. On April 7, 1945, Dr. Widmyer executed a written instrument assigning all back payments due him under the trust to the trustee, in his individual capacity. On the basis of $100 per month, as provided in the deed of trust, there was still unpaid to Dr. Widmyer at the time of this assignment $9,456.46, and the net income of the trust was entirely inadequate for such payment. By stipulation, the parties agreed that the assignment was made by Dr. Widmyer of his own free will, without undue in-

fluence and with a thorough knowledge and understanding of the transaction. A close personal friendship had existed between the substituted trustee and the settlor-beneficiary since 1917. Dr. Widmyer, a physician, for years regarded Mr. Starling's home as his own and he was a constant visitor there. In his will, executed October 12, 1943, Starling was named executor and sole beneficiary. The record discloses that Dr. Widmyer had told an attorney that anything he had he wanted to go to Frederick H. Starling who had been more than a son to him.

Frederick H. Starling was substituted as sole trustee on June 7, 1934, the original corporate trustee having gone into liquidation and the original personal trustee having died some years previously. Settlor died on April 10, 1945, and the trustee, on July 3, 1945, filed his second and final account, which the auditor found to be "accurate, correct and honest". The sole asset of the trust estate is the premises at 3202 Huey Avenue, Drexel Hill. The court below, having found that the amounts due the trustee exceeded the fair market value of this property, decreed distribution in kind to the trustee, in his individual capacity. These appeals by the remaindermen followed.

Appellants' eleven assignments of error may be divided into three contentions: (1) that the deed of trust did not give the settlor-beneficiary an absolute vested interest in the sum of $100 per month unless and until it was actually paid and hence arrearages were not assignable; (2) that it was an abuse of discretion for the trustee to make distribution from principal to the settlor-beneficiary solely because he was ordered to do so by the settlor, when the trustee knew that the money was to be given immediately to the trustee for his individual benefit; and (3) that it was error for the court below, over objection of appellants, to decree distribution of the realty in kind to Frederick H. Starling, individually, as assignee of the beneficiary, at an appraised valuation

of $10,000. We shall consider each of these arguments advanced by appellants in the above order.

The validity of appellants' first contention depends upon a construction of the deed of trust, and, in particular, the following sentence: "To pay to the Settlor, J. Lawrence Widmyer, M.D., the sum of One Hundred Dollars ($100.) per month." In correctly interpreting this provision, the learned court below said: "This is a direct and unconditional gift and is mandatory. Nothing is said as yet as to the discretion of the trustees in the payment of this gift. The settlor thereafter provides that if the income from the estate is not sufficient to pay the One Hundred Dollars ($100.) to him in addition to the amount given by Paragraph 5 (indefinite gift to his wife) then 'the trustees are empowered in their discretion to take from the principal of the estate such sum as may be necessary to make up the full amount of said payments *and to that extent* to consume the principal'. It is obvious that the trustees have no discretion as to the amount to which the settlor is entitled per month under this paragraph. This does not create a true discretionary trust."

In *Nicholson Estate*, 355 Pa. 426, 50 A. 2d 283, this Court, speaking through Mr. Justice ALLEN M. STEARNE, held that where, as here, a definite part of a trust fund is given to the beneficiary and the trustee has only discretion as to the time and method of payment, the beneficiary has an equitable interest in the fund. In the present case we are of opinion that the words of the trust instrument disclose the intent of the settlor-beneficiary to limit the trustees' discretion solely to the time or method of making payment. In Scott on Trusts, Vol. 1, § 155, p. 775, the following rule is set forth: "If the trustee has not discretion to withhold the income and principal altogether from the beneficiary, but merely has discretion to determine the manner or method of making payment, the beneficiary can assign his interest. . . ." Our analysis of the words of the deed of trust

here convinces us that the settlor-beneficiary intended to create a mandatory duty so that the trustee could not refuse to pay the sum of $100 per month. The time and manner of such payment was made discretionary possibly so that the payments out of principal would not have to be made at inopportune times and the corpus thereby liquidated at less than its fair market value. It was proper, under these circumstances, for Dr. Widmyer to assign this equitable interest in the accrued amount to the trustee, his intimate friend, or to any other person he selected.

Appellants' second contention was that the trustee abused his discretion by making distribution from principal when he knew that the purpose of Dr. Widmyer's request was that the money would be paid immediately to the trustee for the latter's personal benefit. We have carefully considered the entire trust instrument and have determined that a definite part of the trust corpus was given to the beneficiary unconditionally and that only the time and manner of payment were discretionary. There was absolutely no evidence that there was a violation of this limited discretion. The arrearages were then already long overdue, and the net income from the trust estate was insufficient from which to make such payments. The record contains not a scintilla of evidence that the assets of the estate were sold below their fair market value. There is no question here of undue influence and the parties admit that the beneficiary had acted of his own free will and with a thorough understanding of the transaction.

The third contention of appellants is likewise without merit. The auditor based his finding that the property at 3202 Huey Avenue had a fair market value of $10,000—on the *highest* estimate made by any witness called to testify. The remaindermen were free to offer evidence as to its value, but declined to do so. The auditor properly could not find any other valuation, and the court en banc had no alternative but to adopt

such finding. We are not persuaded that the learned court below abused its discretion in decreeing distribution in kind of this realty. The value of estate assets frequently would be depleted through an untimely conversion into cash. This Court will not disturb a decree ordering distribution in kind unless the court below abused its discretion. See *Vernon's Estate*, 225 Pa. 368, 74 A. 236; *Brooks' Estate*, 249 Pa. 66, 94 A. 478.

We have carefully examined all assignments of error and find no merit in any of them.

Decree affirmed.

DISSENTING OPINION BY MR. JUSTICE HORACE STERN:

I dissent because, in my opinion, the trustees were not *directed* to make up out of principal any deficiencies in the monthly payments, but were merely *empowered* to do so in their *discretion*. I see no basis whatever in the deed of trust for holding, as the majority opinion does, that that discretion was limited to the time and method of making such payments.