## Minichello Estate.

Argued September 25, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY JJ.

*Arthur H. James,* with him *Thomas F. Burke,* for appellants.

*Ben R. Jones, Jr.,* with him *Albert B. Carrozza, Nathan Hyman, Ellis Berger* and *Henry Thalenfeld,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, November 27, 1951:

Appellants, Anna Recupero, Anthony J. Minichello, Jr., and Palma Franco, legatees named in the will of Peter Minichello, deceased, petitioned the Orphans' Court of Luzerne County to enjoin the executor, The Liberty National Bank of Pittston, from selling their distributive portions of 25 shares of capital stock of the Old Forge Coal Company which constituted a portion of decedent's estate. A citation issued, an answer was filed by the executor and by decedent's widow who was allowed to intervene. On June 20, 1951, after hearing, the lower court dismissed the petition. From the overruling of exception to the court's order this appeal was taken.

The following facts appearing in the pleadings were admitted at oral argument: Peter Minichello died December 26, 1949, survived by his wife, Jennie and no children. His will named The Liberty National Bank of Pittston executor and as trustee of the estate to pay to the widow $400 per month and to Charles Minichello $100 per month. Upon the death of these annuitants, the estate was to be distributed amongst testator's brother and sisters, Anna Recupero, Palma Franco, Anthony J. Minichello, Jr. (the appellants herein) and Louis Minichello. Charles Minichello predeceased the testator and Jennie Minichello, the widow, elected to take against the will so that the trusts created thereby, failed.

The 25 shares of stock of the Old Forge Coal Company left by the decedent comprised 25% of the total capital stock of the corporation. The balance of the shares are held as follows: Jennie Minichello, the widow, 25 shares; Albert Minichello, decedent's brother, 25 shares; Mary Minichello, Albert's wife, 25 shares. Neither Albert Minichello nor Mary Minichello are beneficiaries under the will.

Upon filing of her election on January 30, 1950, Jennie Minichello became entitled to a one-half undivided interest in the estate. About a year later, January 26, 1951, the widow requested the executor, *inter alia,* to sell all of the Old Forge Coal Company stock. Louis Minichello, one of the residuary legatees, made a similar request, but on the other hand the appellants, Anna Recupero, Anthony J. Minichello, Jr. and Palma Franco, requested the bank for distribution to them in kind of their respective shares of the stock. The executor notified all of the parties in interest that unless they consented in writing to a sale of the 25 shares of Old Forge Coal Company stock, with bidding limited to the parties in interest, they would be offered at public sale on May 11, 1951. Following the receipt of this notice, appellants filed the petition to enjoin.

The record in this case leaves much to be desired. As appears, the matter arose on petition praying for an order to restrain an executor from selling certain stock of a closely held corporation which some of the distributees desired to have distributed in kind and prayed for such distribution upon audit of an account to be filed. The learned court below properly granted a temporary restraining order pending the disposition of the petition. The answers filed set up principally that it was the duty of the executor to sell and convert all the assets into cash, except where all parties in interest agreed to distribution in kind.

At the hearing the petitioner offered in evidence in one offer a large number of disconnected items, some clearly relevant and others possibly not. The court sustained objection to the whole offer although some parts of the offer were clearly relevant, e.g., the will, the widow's election, the inventory, the eight paragraphs of the petition which were expressly admitted, the fact that all known debts and taxes were paid or provided for, and the amount of cash on hand. It would have been better had the learned court ruled on each offer separately or in the alternative admitted testimony to support the offer, reserving the ruling on objections and thus enabled us to have a complete record before us.

The objection was made by counsel on the theory that an executor has the absolute discretionary authority to convert all personal property into cash and that distributees have no right whatsoever to take their distributive shares in kind. Under that theory of course everything averred in the petition and the offers of proof would be irrelevant. But the court, though it apparently by its ruling in sustaining the objection acquiesced in this construction of the executor's authority, upon reflection did not in its opinion go that far. It rather took the position that the orphans' court had a discretionary power unless the personal property was incapable of division or the distributees all joined in the request for distribution in kind.

We feel this record is not in proper shape for final disposition of the matter appealed. The proper practice would have been for the petitioners to have included in the petition for a restraining order a prayer for an order directing the filing of an account. The court should then (as it did) grant the restraining order enjoining the sale until the right of the distributees to take in kind could be determined at the audit of the

account ordered. This would have effectually preserved the *status quo* as it should be in absence of a showing of any urgent need to sell. Any challenge to such authority of the orphans' court on the extreme theory that an executor's right to sell is absolute and not the subject of restraint, might have been made by preliminary objections or answer raising that question.

In the circumstances we must remand this case with the direction to the executor to file an account. It need not be a final account, but a first account will serve to raise the question, for nearly two years have passed since the executor was appointed. Such an account will establish whether creditors and taxes have been provided for and whether an order of distribution could safely be made in kind.

In remanding this case we deem it well to say, however, that it is not true under the old fiduciaries' act or under the new,[1] that an executor has absolute discretion or authority to sell all personal property if not needed to pay debts or taxes. There is no reason why, if the court at the audit of an account finds the sale unnecessary, the request of distributees who prefer to take in kind divisible personal property or securities should not be honored. On the contrary, the cases are many which hold that the request of distributees to take in kind must be honored if sale of the same is not reasonably necessary to pay debts or to make distribution. See *Strode v. Commonwealth,* 52 Pa. 181; *Reed's*

---

[1] See Sec. 734, Fiduciaries Act of 1949, P. L. 512, 20 PS §320.734, applicable, however, only to estates of decedents dying on or after January 1, 1950. Section 49 (e) (1) of the Fiduciaries Act of 1917, P. L. 447, 20 PS §865, does not cover the situation here. It is intended merely to confer power on the court to *compel* distributees to take in kind if the circumstances shown at the audit warrant it. *Greenawalt's Estate,* 343 Pa. 413, 424, 21 A. 2d 890; *Dempster's Estate,* 308 Pa. 153, 162, 162 A. 447.

*Estate,* 82 Pa. 428 (1876); *Vernon's Estate,* 225 Pa. 368, 74 A. 236; *Gardner's Estate,* 323 Pa. 229, 185 A. 804. Nor do we regard a provision in the will granting the executor a discretionary power to sell as altering the rule.

In *Williams' Estate,* 45 D. & C. 207 (1942), cited by appellee, the division of the court was not on the question of the widow's right to *request* the stock to be held but whether the executor in the circumstances there existing was subject to surcharge because of its failure to notify her of the intended sale.

The fact that the appellants are entitled to one-half of 25 shares presents no difficulty. Shares of stock may be divided into fractional parts: Section 608 of the Business Corporation Law of 1933, P. L. 364, 15 PS §2852-608. However, there need be no award of fractions or of the odd share jointly. Appellant's counsel at the bar of the Court stated that his clients were quite willing that only 12 shares should be distributed in kind and the odd share sold. But even apart from agreement, the Court could divide such portion of shares as was susceptible of division into whole shares and direct the odd share to be sold.

The case is remanded to the court below with directions to proceed in accordance with this opinion.