## Polanco Estate (No. 1)

*Henry Gouley* and *Joseph L. Ehrenreich*, for petitioner.

*C. William Kraft, Jr.*, and *John B. H. Donaldson*, for respondent.

*Edward F. Hitchcock* and *George O. Phillips*, for intervening respondent.

VAN RODEN, P. J., February 18, 1952.—Decedent died November 8, 1950, intestate, survived by no issue, but leaving to survive him as his heirs-at-law and next of kin, his widow, Gloria Polanco, who is the administratrix of his estate; his sister, Sara P. Juan, and his niece, Carmen C. Malone (being a daughter of a predeceased sister).

By virtue of the provisions of the Intestate Act of April 24, 1947, P. L. 80, secs. 2 and 3, 20 PS §§1.2, 1.3, decedent's widow became entitled to the first $10,-000 in value and one half of the balance of decedent's distributive estate, and the share to which widow did not become entitled descended to decedent's sister and niece in equal shares.

At the time of his death, decedent was seised of certain real estate situate on Beatty Road, Nether Providence Township, Delaware County, Pa. Subsequent to decedent's death, the administratrix entered into a written agreement to sell and convey the real estate to David L. Gibson, for the sum of $7,500 (less real estate broker's commission of five percent).

On September 13, 1951, Carmen C. Malone filed a petition for a citation directed against the widow (administratrix) to show cause why she should not be restrained from selling and conveying the premises to David L. Gibson, and why she should not convey same to petitioner on account of her distributive share.

David L. Gibson intervened in the proceedings and filed preliminary objections to the petition, contending that as a matter of law petitioner has no standing to restrain the enforcement of the agreement of sale. It is admitted that the administratrix is not selling the real estate for the purpose of payment of debts, since the personal property held in this estate is ample for the payment in full of all of decedent's debts, expenses of administration and taxes. It likewise appears that petitioner has offered to take the real estate as part of her distributive share of decedent's estate.

The power of this court to restrain a personal representative from making an unauthorized sale of real estate is expressly granted by section 545 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.545. The issue, therefore, narrows down to the question of whether the administratrix of an estate

has the power to sell real estate against the objection of one of the heirs where such sale is not necessary for the payment of debts, expenses or taxes, but is apparently made for the mere purpose of facilitating distribution, notwithstanding the fact that the nonassenting heir is willing to accept distribution of the real estate in kind. Counsel for the intervening respondent contends that the authority of the administratrix to sell decedent's real estate in the instant case is established by section 541 of the Fiduciaries Act of 1949, 20 PS §320.541 which provides that "the personal representative may sell, at public or private sale, any personal property whether specfically bequeathed or not, and any real property not specifically devised."

This argument ignores, however, the specific provision of the statute that "legal title to all real estate of the decedent shall pass at his death to his heirs or devisees"; Fiduciaries Act of April 18, 1949, P. L. 512, sec. 104, 20 PS §320.104. Thus, the new Fiduciaries Act has not abolished the well-settled distinction between real and personal property. See Anderson Estate, 77 D. & C. 74, 79. Even though the passage of title to the heirs is "subject, however, to all the powers granted to the personal representative," the power of the personal representative to sell real estate is limited to cases specifically authorized by the account. As stated in Anderson Estate, supra (at 79-80) :

". . . the substantive law (Intestate Act of 1947) makes it clear that the heir takes the *whole* title as descends under the intestate laws subject to the payment of debts and charges, rather than title only to that *remaining* after the payment of debts. See section 1 and comments. It would seem that the personal estate is still the primary fund for payment of debts and that a personal representative cannot simply, for the sake of his own whim or desire, embark upon dis-

posing of decedent's real estate in total disregard of the rights and interests of the heirs or devisees (see section 545 of Fiduciaries Act of 1949), though he might well be under a duty to so convert personalty without consulting distributees or legatees, for distribution thereof in cash is the ordinary rule and not the exception: See Williams' Estate, 45 D. & C. 207. An heir or devisee may even enforce an early delivery of possession of real estate—something unheard of and utterly foreign as respects personalty: Section 735 of Fiduciaries Act of April 18, 1949."

Even in the case of personalty, the request of a distributee to take in kind must be honored if a conversion of property into cash is not reasonably necessary to pay debts or make distribution: Minichello Estate, 368 Pa. 639, 644 (1951).

In the instant case, the fact that the distributee who has requested to take the real estate in kind, as part of her distributive share, is not the sole heir, does not prevent the application of the general rule. It is true, of course, that the interest of petitioner is limited to an undivided one-fourth interest, and her right to demand distribution in kind of the real estate cannot be effectively asserted against the other heirs who likewise hold legal title to undivided interests in the real estate. However, neither of the other heirs has indicated any desire to accept the real estate in kind, nor has either of the other heirs expressed any dissatisfaction at the valuation at which petitioner has elected to take distribution in kind. Furthermore, such valuation is less than the value of petitioner's distributive share in this estate. Accordingly, distribution in kind of this particular parcel of real estate can be accomplished without causing any difficult or undue hardship to any of decedent's heirs and without complicating to any extent whatsoever the duties of the administratrix. Consequently, as the record now stands, the

court is obliged to conclude that the action of the administratrix in entering into the agreement of sale was not required for the proper performance of any of her duties in connection with the administration or distribution of the estate. It follows, therefore, that she was without legal power to enter into such agreement of sale and that the performance of such agreement may properly be restrained at the instance of a nonassenting heir.

Whether petitioner will ultimately be awarded distribution of such real estate in kind must abide the audit of the administratrix's account in order that the auditing judge may determine as a fact whether or not the other heirs desire to participate in the distribution of the real estate.

The court therefore enters the following

### Decree

And now, to wit, February 18, 1952, the above matter having come on to be heard on petition and preliminary objections thereto, and written briefs and oral argument having been submitted, and after careful consideration of the matter, it is ordered, adjudged and decree as follows:

1. The petition of Carmen C. Malone, one of decedent's heirs-at-law, for a restraining order directed against Gloria Polanco, administratrix, with respect to the proposed sale of decedent's real estate situate on Beatty Road, Upper Providence Township, Delaware County, Pa. (as more fully described in the petition) is hereby allowed and the citation heretofore issued by this court is hereby made absolute.

2. Gloria Polanco, administratrix of the estate of Mario Polanco, deceased, is hereby restrained from signing, selling, executing, acknowledging and/or delivering any deed or instrument of conveyance conveying decedent's real estate on Beatty Road, Upper Providence Township, Delaware County, Pa. (as more

fully described in the aforementioned petition) unto David L. Gibson or to any other person or persons other than decedent's heir or heirs-at-law.

3. The question whether the administratrix shall be directed to distribute the real estate to Carmen C. Malone, as part of her share of decedent's distributive estate, to the exclusion of decedent's other heir-at-law, must be deferred until time of audit of administratrix's account, so that there may be a proper determination by the auditing judge as to whether such distribution will adversely affect the rights of the other distributees.

4. The parties to this proceeding shall bear their respective costs.