## Lehman Estate

*Ambrose R. Campana* and *Joseph P. Keliher*, for petitioner.

*Carpenter & Carpenter*, for respondent.

WILLIAMS, P. J., January 3, 1955.—Wilbert F. Lehman died intestate May 28, 1954, letters of administration being issued to his widow, Mary M. Lehman. Beside his widow decedent left surviving him four children, not the issue of Mary M. Lehman, but of a former wife.

Inventory and appraisement shows assets of over $39,000, two thirds of this amount being real estate and most of the balance being farm equipment, stock and machinery. The children presented claims as creditors in the amount of $31,560. Part of this amount is in the form of unrecorded mortgages against the real estate, which claims are being disputed by the widow.

The administratrix advertised all of the personal and real estate for sale. The sale was restrained by the court and a rule was issued to show cause why the sale should not be permanently restrained.

The reasons given for restraining the sale were that a tenant farmer was operating the farm and that a sale would make the estate liable for lawsuit, that a much better price would be received in the spring rather than in the early winter which was the time set for the sale, and that the children desired to take distribution in kind.

Section 541 of the Act of April 18, 1949, P. L. 512, art. V, 20 PS §320.541, gives the personal representative the right to sell at public or private sale any personal property whether specifically bequeathed or not, and any real property not specifically devised. Section 545 of the same act gives the court, on its own motion or upon application of any party in inter-

est the discretion to restrain a personal representative from making any sale under an authority not given by will.

The children claim that they desire to take in kind and that the administratrix has no power to sell. They refer us to Polanco Estate (No. 1), 80 D. & C. 436, and Minichello Estate, 368 Pa. 639. These cases are to the effect that an executor or administrator does not have absolute discretion or authority to sell all property if not needed to pay debts or taxes, and are to the effect that requests of distributees to take in kind should be honored.

These two cases are not controlling in the instant issue, however, as the children who are restraining the sale have claims against the estate in the amount of $31,560. These claims are being disputed by the administratrix widow. The children are not only distributees, but they are also creditors, at least they claim to be. A creditor usually may not claim assets in kind. It is true that the request of a distributee to take in kind must be honored if a conversion of property into cash is not reasonably necessary to pay debts or make distribution. In the instant case we think that it would be to the better advantage of the estate that the property be sold, rather than the delay in selling until after what may be a long, drawn out lawsuit. We are therefore of the opinion that the restraining order should be dissolved.

There seems to be no question that there is a lease on the farm and the equipment, which lease is said to come to its termination on March 18, 1955. The restraining order should therefore continue until the termination of this lease.

### Order of Court

And now, January 3, 1955, the restraining order heretofore made is dissolved as of March 18, 1955.