## Guerrina Estate

*Roland J. Christy,* petitioner, p.p.
*John Justin McCarthy,* for respondent.

BRUNO, *J.*, February 20, 1975—As co-executor and co-trustee under the will of Joseph F. Guerrina, deceased, Roland J. Christy has filed a petition for citation directed to respondent, Virginia H. Guerrina, to show cause why the adjudication of this court (Saylor, *J.*) dated November 15, 1972, since confirmed absolutely, should not be opened for review in order to charge respondent's intestate share with certain claims which petitioner now alleges were not asserted at the audit. None of the other residuary beneficiaries have joined in the petition for review. In her answer respondent, who is the widow of the decedent and also co-executor of his will, denies petitioner's right to open the adjudication.

On December 1, 1971, respondent elected to take against her husband's will and thereby became entitled to one-half of his estate since testator died without children or other issue. Certain trusts which decedent created for his wife's benefit became ineffective by reason of her election, and distribution of his residuary estate was accelerated. Accordingly, residue was awarded 21.05 percent to decedent's brother, Alex V. Guerrina; 10.26 percent to Alex V. Guerrina and Lillian, his wife; 31.04 percent to Susan Bush Devenny; 3.04 percent in trust for Helen and Elmer Schillinger; and 34.21 percent to the Joseph F. Guerrina Foundation for charitable uses.

Petitioner seeks to charge respondent, as follows:

(a) $22,000., the difference between $55,000., the award value of 9012 Germantown Avenue, Philadelphia, and $77,000. which petitioner alleges was the value of the property at the time the executors' account was called for audit on September 21, 1972;

(b) $7,245., the alleged rental value of 9012 Germantown Avenue, Philadelphia, from May 18, 1971, the date of decedent's death, to September 21, 1972;

(c) $500., the difference between the value of a 1969 Ford Sedan appraised at $1,500., and the proceeds of $1,000. derived from its sale on September 27, 1973.

Each of the alleged claims will be considered separately.

(a) *9012 Germantown Avenue, Philadelphia, awarded to respondent at the value of $55,000.*

Two years after the audit, petitioner as co-executor now seeks to charge respondent with

$22,000. over and above the account value of 9012 Germantown Avenue, because he learned that respondent sold the property on July 26, 1973 for $83,500. After he learned of the sale, petitioner obtained an appraisal of the property, certifying that on September 21, 1972, the date of the audit, the property was of the value of $77,500.

As co-executor this very petitioner had previously obtained an appraisal to determine the fair value of the property (account, page 4), and in the inventory which he filed on July 27, 1972, stated that its fair value was $55,000. Executors' account (page 22) showed a balance of unconverted real estate of $116,000. which included 9012 Germantown Avenue, at the value of $55,000. In the statement of proposed distribution presented at the audit, petitioner, as co-executor and counsel for himself and Virginia H. Guerrina, awarded one-half of decedent's net estate to Virginia H. Guerrina by reason of her election, and further stated: "In the award to Virginia H. Guerrina it is requested that the following be included. . . 9012 Germantown Avenue, Philadelphia, Pennsylvania, — $55,000.00."

As required by statute and the rules of this court, petitioner, as counsel for the executors, gave written notice to all beneficiaries of the filing of the account, and of its call for audit, and notified them specifically that he and his co-executrix (respondent) would "present to the court a request by Virginia H. Guerrina that premises known as 9012 Germantown Avenue, Philadelphia, Pennsylvania . . . be set apart and distributed to her on account of her interest in the estate."

At the audit petitioner appeared as counsel for himself and Virginia H. Guerrina, his co-executrix.

Counsel also appeared on behalf of Alex V. Guerrina, a beneficiary entitled to 21.05 percent of residue, and for Alex V. Guerrina and Lillian, his wife, beneficiaries entitled to 31.04 percent of residue. Notwithstanding the facts set forth in the audit notice, none of the parties in interest objected to the award of 9012 Germantown Avenue, to respondent· at the value of $55,000., nor did petitioner, as co-executor, suggest to the court that the property be re-appraised for purposes of distribution.

(b) *$7,245., the alleged rental value of 9012 Germantown Avenue from May 18, 1971, the date of death, to September 21, 1972, the date of audit.*

Premises, 9012 Germantown Avenue, Philadelphia, had been the residence of decedent and his wife (respondent) for over 16 years prior to his death, and continued to be her residence thereafter. Under her election to take against the will, she acquired ownership of an absolute one-half interest in the property which accrued immediately upon her husband's death: Probate, Estates and Fiduciaries Code of June 30, 1972 (no. 164), 20 Pa. S. §2508(b). Since respondent occupied the property as heir, petitioner, as co-executor, had no right of possession: Probate, Estates and Fiduciaries Code of June 30, 1972 (no. 164), 20 Pa. S. §3311, and, moreover, since it was not necessary to liquidate the property, respondent was entitled· to have the real estate allotted to her in kind on account of her intestate share: Probate, Estates and Fiduciaries Code of June 30, 1972 (no. 164), 20 Pa. S. §3534, also Minichello Estate, 368 Pa. 639 (1951); Vandergrift Estate, 406 Pa. 14 (1962). None of the residuary beneficiaries objected to petitioner's

failure to claim the rental value of the property at the audit.

(c) *Petitioner also seeks to charge respondent with the difference between the appraised value of a 1969 Ford Sedan and the proceeds derived from its sale.*

The court is unable to find anywhere in the inventory or the account filed in this matter any reference to a 1969 Ford, Serial Number 9E66X15951, or the proceeds of the sale of such a vehicle.

Since this asset did not form any part of the balance of principal for distribution by the court in its adjudication, it cannot now be relied upon as a reason to order a review.

The petition alleges no fraud, nor does it suggest that the audit notice given to the beneficiaries did not comply with the provisions of the statute and rules of this court. No error of law appears in the record; no new matter has arisen since confirmation of the account; and all the issues now raised by petitioner were known to him when the account was before the court for audit. In the absence of fraud, a decree confirming an account absolutely, and directing distribution, is a proceeding binding upon the whole world, and especially upon those who were properly notified: Elkins's Estate, 325 Pa. 373 (1937). With ordinary diligence all of the issues alleged in the petition could have been raised by petitioner at the audit and disposed of in the court's adjudication: Mershon Estate, 69 D. & C. 40 (1949), affirmed per curiam 364 Pa. 549 (1950).

In Mershon this court (Adm. J. Klein) held: "The Audit of a fiduciary's account is a formal legal proceeding, established under our system of jurisprudence as the time and place at which all ben-

eficiaries and other interested parties must appear to voice any objections they may have to the fiduciary's management of the estate. Failure to appear and object at the Audit operates as a conclusive bar to the raising at a later date all objections which could have been made at the Audit. The Adjudication of the Court places the imprimatur of the law upon the accountant's stewardship for the period covered by the accounting.

"It is the affirmative duty of all competent beneficiaries, upon receiving notice of the filing of an account, to make diligent inquiry concerning the fiduciary's conduct and management of the affairs of the estate. All beneficiaries are chargeable not only with such information as was known to them at the time of the Audit, but also with what they could have discovered by exercising reasonable diligence."

Petitioner was the co-executor under the will as well as a co-trustee and a legatee. He is a member of the bar and a certified public accountant. Further, he entered his appearance as counsel for himself and his co-executrix. He prepared and filed all of the documents involved in this estate. No one could have known nor should have known more about the executor's account than this petitioner.

Having failed to assert the claims now alleged in the petition at the audit of the executors' account, petitioner is barred from obtaining review. Review will not be granted unless good conscience and substantial justice require it: Stewart Estate, 358 Pa. 434 (1948). Neither of these elements is present in this case.

Accordingly, the preliminary objections of respondent are sustained, and the petition is dismissed.