# Halfpenny Estate

*William G. Halligan,* for executor.
*Charles F. Mayer,* for beneficiaries.
*George W. Thompson,* for claimant.

DIGGINS, Sr. *J.,* October 26, 1976 — The instant matter is before this court to determine the issue of whether certain real estate commissions, admittedly due, are the obligation of the subject estate and if so whether the executor should be surcharged for the amount due.

Decedent, Frank J. Halfpenny, died on April 27, 1969, leaving a will dated June 30, 1965, in which

James Buckley was named as executor. In his will, the testator devised and bequeathed his residuary estate to Mary C. Buckley, and her issue, forever. The said Mary C. Buckley predeceased decedent and it has been resolved that the subject estate passes to the husband of the said Mary C. Buckley, i. e., James Buckley, the executor, and their six children, in equal one-seventh shares.

At the time of his death, decedent was the owner of certain premises known as 140 North Christian Street, Clifton Heights, Delaware County, Pa. In this regard, it is noted that the subject will, in paragraph third thereof, empowers the executor:

". . . for any purpose of administration or distribution, to sell any or all of my real estate for such price or prices and upon such terms and conditions as he may deem best."

It appears that, shortly after decedent's death, the executor engaged counsel. However, it further appears that the executor failed to properly administer and manage the estate, and it was not until March 20, 1972, almost three years after decedent's death, that certain documents were filed on behalf of the subject estate, attributable in pertinent part to proceedings which were commenced against the executor by the remaining parties in interest.

Moreover, the record discloses that on or about March 8, 1972, the executor entered into an agreement of sale for the sale of the aforementioned premises, same having been negotiated by Russell E. Miller, and that the remaining parties in interest received no communication whatsoever from the executor pertaining to the sale of the premises — rather, the remaining parties ascertained that the property was being sold upon see-

ing a sign on the premises, and as a consequence thereof, they immediately contacted counsel.

Counsel, by letter dated March 22, 1972, advised the executor that the remaining heirs did not wish the property sold, same being contrary to their wishes, and by letter dated April 4, 1972, counsel for the executor was advised that the remaining parties in interest wished the premises to be conveyed to them in kind, or failing same, an injunction would be sought.

An appropriate petition to enjoin the sale was filed on April 17, 1972 and after hearing, this court entered an order, inter alia, enjoining the executor from selling the subject premises.[1]

Subsequently, the executor and the remaining parties in interest entered into a family settlement agreement for settling the subject estate without a formal audit. However, the claim of Russell E. Miller which under normal circumstances would have been decided upon the audit of the executor's account, has been presented to the court for independent disposition.

This has been accomplished through the medium of a petition for citation filed on behalf of the executor to show cause why the claim of Russell E. Miller should not be allowed as a general claim against the subject estate. An answer has been filed on behalf of the remaining parties in interest which in essence alleges that the realtor's commission is due and payable by James Buckley

---

1. It is noted that three (3) hearings were held before the Court which were concerned, inter alia, with the removal of the executor from office, items of surcharge and objections to the first and partial account, as well as the issue here presented for determination.

in his personal capacity and not as a representative of the subject estate. The matter is now ripe for determination.

Initially, and most significantly, it must be noted that the realtor, Russell E. Miller, dealt with the executor, James Buckley. The executor, as between the subject estate and the realtor, was empowered to sell the subject premises, inter alia, by virtue of the provisions of paragraph third of decedent's will. Moreover, it is noted that decedent's will did not specifically devise the subject real estate.

In this regard, section 3351 of the Decedents, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, as amended, 20 P.S. §3351, provides that except as otherwise provided by will, the personal representative may sell, at public or private sale, any real property not specifically devised. Under the circumstances here present, it is the conclusion of the court that the realtor had the right to rely on the executor's right to sell as set forth in paragraph third of decedent's will as well as section 3351 of the Code.

Accordingly, it is the opinion of this court that the claim of Russell E. Miller must be allowed against the subject estate: see, inter alia, Quality Lumber & M. Co. v. Andrus, 414 Pa. 411, 200 A.2d 754 (1964), and Seabury v. Fidelity Insurance Trust and Safe Deposit Co., 205 Pa. 234, 54 Atl. 898 (1903).

The primary (and more difficult) issue presented for determination, however, is whether under the circumstances here present the executor, James Buckley, should be surcharged for the amount due and payable to the realtor. It is the considered conclusion of the court in this regard that the

executor must be so surcharged for the reasons hereinafter set forth.

The law is well established that executors are under an obligation to make full disclosure to beneficiaries respecting their rights and to deal with them with utmost fairness: In re: Friedman Estate, 22 Beaver 217 (1961), and Noonan Estate, 361 Pa. 26, 63 A.2d 80 (1949). Further, in In re: Friedman Estate, supra, the court pertinently held at page 221:

" . . . The heirs or legatees, or those interested in an estate, have ordinarily a right to furnish necessary money for the purpose of payment of decedent's debts and thus remove the cloud on their title to the land arising out of its liability to be sold for the debts . . . "

Also, apposite is Minichello Estate, 368 Pa. 639, 84 A.2d 511 (1951), wherein the Court stated at p. 644 of 368 Pa., 513 of 84 A.2d:

" . . . On the contrary, the cases are many which hold that the request of distributees to take in kind must be honored if sale of the same is not reasonably necessary to pay debts or to make distribution . . . (citing cases). Nor do we regard a provision in the will granting the executor a discretionary power to sell as altering the rule."[2]

Section 301(b) of the Decedents, Estates and Fiduciaries Code, 20 P.S. §301(b), is also pertinent hereto, providing that legal title to all real estate of a decedent shall pass, at death, to the decedent's heirs or devisees, subject, however, to all the powers granted to the personal representative by the Code, the will, and to all orders of court. Minichello Estate, supra, interpreting an identical provision

2. See also, Polanco Estate (No. 1), 80 D. & C. 436 (1952).

under the prior law, limited the import of a discretionary power to sell. It further appears that the remaining parties in interest were willing and able to pay the proper debts and obligations of the estate.

In the instant case, the executor utterly failed to make a full disclosure to the beneficiaries respecting their rights in the subject premises, nor did he deal with them with fairness relative thereto. On the contrary, the executor failed to properly manage and administer the estate, filing certain estate documents almost three years after decedent's death but only after proceedings were commenced against him. During the interim, the executor resided in the subject property without paying any rent.

With regard to the sale of the real estate, the remaining parties in interest received no communication whatsoever from the executor, thus depriving them of even the opportunity to discuss distribution thereof in kind. Only as a result of seeing a sign on the premises were the other beneficiaries made aware of the intended sale.

It is also noted that the executor at one point took the position that the subject premises belonged to him alone to the exclusion of the remaining beneficiaries. It further appears that the remaining beneficiaries were willing and able to pay the proper debts and obligations of the estate as aforesaid, thereby negating any necessity for the sale of the subject premises in order to discharge same.

As a result of the aforesaid, this court entered an order enjoining the sale of the said premises. These circumstances, when combined with pertinent legal and statutory authority, justify and

mandate an appropriate surcharge. Moreover, not to enjoin the sale of these premises would deprive the remaining beneficiaries of their right to receive legal title to the subject premises as mandated by section 301(b) of the Code, and not to surcharge would adulterate this right and reduce the value of the premises by $1,319.40.

Of course, the court is cognizant of the fact that a fiduciary may sell real property in order to pay debts, death taxes, and other obligations of the estate if other funds are not available or are insufficient. However, the heirs cannot be denied their lawful right to receive title to realty without first being given the opportunity to furnish the required funds. This alternative was never given to the remaining heirs in the instant case and was acquired by them only after the institution of litigation.

This court is not unmindful of the holdings in McClure Estate, 81 D. & C. 295 (1952); Metcalfe Estate, 17 Fiduc. Rep. 68 (1966); Shaffer Estate, 360 Pa. 390, 61 A.2d 872 (1948), all cited in support of the executor's position. However, it is the conclusion of this court that the said authorities, under the facts and circumstances here present, neither control nor govern the instant case.

Accordingly, the court enters the following

### DECREE

And now, October 26, 1976, upon consideration of the record and briefs submitted on behalf of the respective parties, and after hearing, it is ordered, adjudged and decreed as follows:

(1) The claim of Russell E. Miller in the amount of $1,319.40, plus interest thereon from April 25,

790

1972, be and the same is herewith allowed as a claim against the subject estate;

(2) The executor, James Buckley, be and he is herewith surcharged in the amount of $1,319.40, plus interest thereon from April 25, 1972, same to be deducted from the distributive share of the said James Buckley (due to him from the subject estate).