# In re Estate of Kuntz

C.P. of Lycoming County, No. 41-14-0322

LOVECCHIO, *J.*, July 16, 2015—Kay Kuntz died on May 25, 2014 leaving a Last Will & Testament. Said Will leaves a specific bequest of $1,000.00 to each of her four grandchildren, a specific bequest of $1,000.00 to her church and the remainder of her estate to her daughter Lori Kuntz.

Appointed as Co-Executors of her Will pursuant to the terms of the Will were Patricia and Richard Hull. According to the Will, the Co-Executors have the power and authority to sell, among other things, any estate real or personal property.

According to an inventory filed by the estate on August 19, 2014, the decedent's real property located at 65 Hocker Lane in Jersey Mills, PA was listed as having a value of $28,600.00. On or about July 30, 2014, however, an appraisal on the property indicated that it was valued at $273,000.00.[1]

---

1. The Court has concerns about the accuracy of the information that the Co-Executors and/or counsel for the estate were providing to the

A dispute subsequently arose between the Co-Executors and the sole remainder beneficiary, Lori Kuntz. The dispute centered on the estate debt, what information was being provided by the estate to the remainder beneficiary, the value of the real estate and whether the remainder beneficiary could purchase the real estate.

On June 16, 2015, Lori Kuntz, the remainder beneficiary filed a Motion for Protective Order seeking an Order directing that the estate not be permitted to enter into an Agreement of Sale for the aforesaid real estate, requiring the estate to provide a specific letter of assurance, an informal accounting and any other information necessary to obtain a mortgage.

The Co-Executors filed Preliminary Objections in the nature of a demurrer. The Preliminary Objections were filed on July 2, 2015.

An argument on the Motion for Protective Order and Preliminary Objections was held before the Court on July 8, 2015. While the estate was willing to enter into a temporary agreement, it insisted that the Court decide the Preliminary Objections and the Motion.

The position of the estate is clear. The estate asserts that according to the Will it has the power to sell the

residuary beneficiary. Both the value of the real estate and the outstanding Estate debts seemed to constantly change from one letter or document to another. The disparity in the amount listed on the inventory and the appraised value is the most egregious example. Absent a catastrophic event such as a fire or a flood, the value of the real estate would not decrease over $200,000 in the span of 19 days. While the court suspects that the inventory figure might be based on the assessed value of $92,930 minus the outstanding mortgage and the appraisal did not include any deduction for the mortgage, even the valuations purportedly based solely on the assessed value and common level ratio changed from $123,596.90 in a letter to Mr. Campana dated April 14, 2015 to $118,000 in a letter dated May 19, 2015.

real property and that pursuant to 20 Pa. C.S.A §§ 3351 and 3355, because the Will gives the Co-Executors said power, they may not be restrained from doing so by Order of Court.

While the Will certainly gives the Co-Executors the power to sell the real estate and while the statutory provisions relied on by them validate said authority, said statutes and Will are not determinative in connection with the issue at hand. Interestingly, counsel for the estate specifically noted during the argument in this matter that the estate's position was so strong that his client was willing to risk a personal surcharge against the Co-Executors. Risking a surcharge may be much more of a risk than the Co-Executors realize.

Indeed, the case law that addresses this issue would support a surcharge against the Co-Executors personally if they choose to sell the real estate over the objection of the residual beneficiary and in light of the offer of the residual beneficiary to purchase the property in kind and to pay the estate debt.

In *Halfpenny Estate*, 2 Pa. D. & C. 3d 783 (1976), the Court upheld a surcharge against the Executor for entering into an agreement of sale without consent of the residual beneficiaries. The sale was vacated via a prior injunction but the surcharge involved realtor fees.

As in this case, the Will did not specifically devise the real estate and the Co-Executors were empowered to sell the real estate.

However, the Court imposed a surcharge against the Executor because the Executor had a fiduciary obligation to deal with the heirs "with utmost fairness" and "those

interested in an estate, have ordinarily a right to furnish necessary monies for the purpose of payment of a decedent's debts and thus remove the cloud on their title to the land arising out of its liability to be sold for debt." *Id.* at 786 — 787.

Further, statutory law, Pennsylvania Supreme Court precedent and other case law support a similar conclusion. 20 Pa. C.S.A. § 301 (b) notes that all legal title to all real estate of a decedent shall pass at his death to his heirs subject to the powers granted to the personal representative by the Code. In *Minichello Estate*, 84 A.2d 511 (Pa. 1951), the Pennsylvania Supreme Court held, in partial reliance on this statute, that the request of a beneficiary to take property in kind must be honored if the sale of said property is not reasonably necessary to pay debts or to make distribution. The Court further noted that this was the law regardless of a provision in the Will granting the Executor the discretionary power to sell. *Id.* at 513; *see also, Polanco Estate*, 80 D & C 436 (1952); *In Re: Friedman Estate*, 23 Beaver 217, 221 (1961).

The Preliminary Objections in the nature of a demurrer are accordingly denied. Given the uncontested averments of the Motion for Protective Order, said Motion shall be granted.

## ORDER

AND NOW, this 16th day of July. 2015, it is hereby Ordered and Directed as follows:

(1) The Preliminary Objections by way of a demurrer filed by the estate of Kay Kuntz are DENIED.

(2) The Motion for Protective Order filed by Petitioner Lori Kuntz is GRANTED.

(3) The estate shall not be permitted to enter into an Agreement of Sale for the purchase of 65 Hocker Lane, Jersey Mills, PA without Petitioner having at least sixty (60) days from the date of this Order to obtain a mortgage and provide a commitment letter to the Estate evidencing the same.

(4) Within ten (10) days of the date of this Order, if it has not already done so, the estate must provide to Petitioner the following:

(a) A letter of assurance and/or an appropriate agreement as required by a banking institution to permit Petitioner to obtain a mortgage; and

(b) A formal accounting, which includes a final amount to satisfy the debts and liabilities of the Estate of Kay Kuntz.